STERN & KILCULLEN, LLC
75 Livingston Avenue
Roseland, NJ 07068
(973) 535-1900
Herbert J. Stern (HS 3169)
Joel M. Silverstein (JS 5704)
Aidan O'Connor (AO 1018)

PITTA & GIBLIN, LLP
120 Broadway, 28th Floor
New York, NY 10271
(212) 652-3890
Vincent F. Pitta (VP 1435)
Barry N. Saltzman (BS 6533)
Michael J. D'Angelo (MD 3030)

*Attorneys for Counterclaimants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN GILLIS, et al., <br><br>          Plaintiffs, <br><br>     v. <br><br> JOHN W. WILHELM, et al., <br><br>          Defendants, <br><br> UNITE HERE, <br><br>          Nominal Defendant. | 09-CV-1116 (GBD) |
| UNITE HERE International Union, <br><br>          Counterclaimant, <br><br>     v. <br><br> BRUCE RAYNOR, NOEL BEASLEY, HAROLD BOCK, GARY BONADONNA, CLAYOLA BROWN, MAY CHEN, RANDI FARBER, MARK FLEISCHMAN, LYNNE FOX, JOHN GILLIS, CHRISTINE KERBER, WILFREDO LARANCUENT, DAVID MELMAN, EDGAR ROMNEY, WILLIAM TOWNE, BRENT GARREN, IRA JAY KATZ, MICHAEL ZUCKER, KEITH MESTRICH, AMANDA COOPER, KATIE GERKEN, HARRIS RAYNOR, CHRISTINA VASQUEZ, JEAN HERVEY, VICTOR VELEZ, THE NEW YORK NEW JERSEY REGIONAL JOINT BOARD, THE NEW YORK METROPOLITAN AREA JOINT BOARD, THE LAUNDRY DRY CLEANING AND ALLIED WORKERS JOINT | **SECOND AMENDED ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS UNDER 29 U.S.C. §§ 185(a) AND 501(a)** |

BOARD, THE ROCKY MOUNTAIN JOINT
BOARD, THE MID-ATLANTIC REGIONAL
JOINT BOARD, THE SOUTHERN
REGIONAL JOINT BOARD, THE CHICAGO
AND MIDWEST REGIONAL JOINT BOARD,
THE WESTERN STATES REGIONAL JOINT
BOARD, THE METROPOLITAN
DISTRIBUTION AND TRUCKING JOINT
BOARD, THE PHILADELPHIA JOINT
BOARD, THE PENNSYLVANIA JOINT
BOARD, THE ROCHESTER REGIONAL
JOINT BOARD, THE SOUTHWEST
REGIONAL JOINT BOARD, THE PUERTO
RICO JOINT BOARD, LOCAL 169, and
LOCAL 274,

Counterclaim Defendants.

Defendants by their undersigned counsel hereby answer and otherwise respond to the First Amended Complaint (the "Amended Complaint") as follows:

## NATURE OF THE ACTION

1.     To the extent an answer is called for, Defendants deny the averments of Paragraph 1 of the Amended Complaint except aver that they are officers of UNITE-HERE and previously members of HEREIU.

## PARTIES

2.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 2 of the Amended Complaint.

3.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 3 of the Amended Complaint.

4.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 4 of the Amended Complaint.

5.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 5 of the Amended Complaint.

6.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 6 of the Amended Complaint.

7.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 7 of the Amended Complaint.

8.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 8 of the Amended Complaint.

9.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 9 of the Amended Complaint.

10.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 10 of the Amended Complaint.

11.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 11 of the Amended Complaint.

12.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 12 of the Amended Complaint.

13.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 13 of the Amended Complaint.

14.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 14 of the Amended Complaint.

15.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 15 of the Amended Complaint.

16.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 16 of the Amended Complaint.

17.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 17 of the Amended Complaint.

18.    Admit the averments of Paragraph 18 of the Amended Complaint.

19.    Admit the averments of Paragraph 19 of the Amended Complaint.

20.    Admit the averments of Paragraph 20 of the Amended Complaint, except avers the name is not "Local 11."

21.    Admit the averments of Paragraph 21 of the Amended Complaint.

22.    Admit the averments of Paragraph 22 of the Amended Complaint.

23.    Admit the averments of Paragraph 23 of the Amended Complaint.

24.    Admit the averments of Paragraph 24 of the Amended Complaint.

25.    Admit the averments of Paragraph 25 of the Amended Complaint.

26.    Admit the averments of Paragraph 26 of the Amended Complaint.

27.    Admit the averments of Paragraph 27 of the Amended Complaint.

28.    Admit the averments of Paragraph 28 of the Amended Complaint.

29.    Admit the averments of Paragraph 29 of the Amended Complaint.

30.    Admit the averments of Paragraph 30 of the Amended Complaint.

31.    Admit the averments of Paragraph 31 of the Amended Complaint.

32.    Admit the averments of Paragraph 32 of the Amended Complaint.

33.    Admit the averments of Paragraph 33 of the Amended Complaint.

34.    Admit the averments of Paragraph 34 of the Amended Complaint.

35.    Admit the averments of Paragraph 35 of the Amended Complaint.

36.     Admit the averments of Paragraph 36 of the Amended Complaint.

37.     Admit the averments of Paragraph 37 of the Amended Complaint.

38.     Admit the averments of Paragraph 38 of the Amended Complaint.

39.     Admit the averments of Paragraph 39 of the Amended Complaint.

40.     Admit the averments of Paragraph 40 of the Amended Complaint.

41.     Admit the averments of Paragraph 41 of the Amended Complaint.

42.     Admit the averments of Paragraph 42 of the Amended Complaint.

43.     Admit the averments of Paragraph 43 of the Amended Complaint.

44.     Admit the averments of Paragraph 44 of the Amended Complaint.

45.     Admit the averments of Paragraph 45 of the Amended Complaint.

46.     Admit the averments of Paragraph 46 of the Amended Complaint.

47.     Admit the averments of Paragraph 47 of the Amended Complaint.

48.     Admit the averments of Paragraph 48 of the Amended Complaint.

49.     Admit the averments of Paragraph 49 of the Amended Complaint.

50.     Admit the averments of Paragraph 50 of the Amended Complaint.

51.     Admit the averments of Paragraph 51 of the Amended Complaint.

52.     Admit the averments of Paragraph 52 of the Amended Complaint.

53.     Admit the averments of Paragraph 53 of the Amended Complaint.

54.     Admit the averments of Paragraph 54 of the Amended Complaint.

55.     Admit the averments of Paragraph 55 of the Amended Complaint.

56.     Admit the averments of Paragraph 56 of the Amended Complaint.

57.     Admit the averments of Paragraph 57 of the Amended Complaint.

58.     Admit the averments of Paragraph 58 of the Amended Complaint.

59.     Deny the averments of Paragraph 59 of the Amended Complaint, except admit that the referenced Defendants were members of HEREIU prior to the merger.

## JURISDICTION AND VENUE

60.     Deny the averments of Paragraph 60 of the Amended Complaint except admit that the Court has jurisdiction pursuant to § 301 of the LMRA, 29 U.S.C. § 185(a) and under § 304 of the LMRDA, 29 U.S.C. § 464.

61.     Deny the averments of Paragraph 61 of the Amended Complaint except admit that Venue is proper in this Court pursuant to § 301(c) of the LMRA, 29 U.S.C. § 185(c), and § 304 of the LMRDA, 29 U.S.C. § 464, and that under certain conditions, the Court is authorized to (i) render declaratory judgments in cases and actual controversies within its jurisdiction (28 U.S.C. § 2201) and (ii) grant further necessary or proper relief based upon a declaratory judgment (28 U.S.C. § 2202).

## CLASS ACTION ALLEGATIONS

62.     Deny the allegations of paragraph 62 of the Amended Complaint.

## FACTUAL ALLEGATIONS

63.     Defendants deny the Joint Boards and Local Unions own their own property, otherwise lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 63 of the Amended Complaint, and respectfully refer the Court to the provisions of the UNITE-HERE Constitution as to the nature and duties of Plaintiffs.

64.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 64 of the Amended Complaint, and respectfully

refer the Court to the provisions of the UNITE-HERE Constitution as to the nature and duties of Plaintiffs.

65.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 65 of the Amended Complaint, and respectfully refer the Court to the provisions of the UNITE-HERE Constitution as to the nature and duties of Plaintiffs.

66.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 66 of the Amended Complaint.

67.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 67 of the Amended Complaint.

68.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 68 of the Amended Complaint.

69.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 69 of the Amended Complaint.

70.    Admit the averments of Paragraph 70 of the Amended Complaint.

71.    Deny the averments of Paragraph 71 of the Amended Complaint and respectfully refer the Court to the provisions of the Merger Agreement or UNITE-HERE Constitution for their terms.

72.    Deny the averments of Paragraph 72 of the Amended Complaint and respectfully refer the Court to the provisions of the Merger Agreement or UNITE-HERE Constitution for their terms.

73.     Deny the averments of Paragraph 73 of the Amended Complaint and respectfully refer the Court to the provisions of the Merger Agreement or UNITE-HERE Constitution for their terms.

74.     Deny the averments of Paragraph 74 of the Amended Complaint except aver that the Merger Agreement expired by its terms on July 12, 2005.

75.     Deny the averments of Paragraph 75 of the Amended Complaint and refer the Court to the provisions of the UNITE-HERE Constitution for the terms thereof.

76.     Deny the averments of Paragraph 76 of the Amended Complaint.

77.     Lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 77 of the Amended Complaint, except admit that Amalgamated Bank was wholly owned by UNITE and that UNITE owned buildings in New York City prior to the merger forming UNITE HERE, which acquired all UNITE's right, title, and interest in these assets in that merger.

78.     Admit the averments of Paragraph 78 of the Amended Complaint.

79.     Deny the averments of Paragraph 79 of the Amended Complaint, except lack knowledge or information sufficient to form a belief as to the truth of the averments regarding conversations between Raynor and UNITE affiliates.

80.     Deny the averments of Paragraph 80 of the Amended Complaint.

81.     Deny the averments of Paragraph 81 of the Amended Complaint.

82.     Deny the averments of Paragraph 82 of the Amended Complaint, except admit that the Executive Committee met on December 17 and 18, 2008.

83.     Deny the averments of Paragraph 83 of the Amended Complaint, except admit that on December 17 and 18, 2008 the Executive Committee ordered trusteeship

hearings of the two Joint Boards, but the order was withdrawn by the GEB and the

Trusteeship hearings never occurred.

      84.     Deny the averments of Paragraph 84 of the Amended Complaint.

      85.     Deny the averments of Paragraph 85 of the Amended Complaint.

      86.     Complaint [REDACTED].  Response reserved.

      87.     Complaint [REDACTED].  Response reserved.

      88.     Complaint [REDACTED].  Response reserved.

      89.     Complaint [REDACTED].  Response reserved.

      90.     Deny the averments of Paragraph 90 of the Amended Complaint.

      91.     Complaint [REDACTED].  Response reserved.

      92.     Complaint [REDACTED].  Response reserved.

      93.     Complaint [REDACTED].  Response reserved.

      94.     Complaint [REDACTED].  Response reserved.

      95.     Complaint [REDACTED].  Response reserved.

      96.     Complaint [REDACTED].  Response reserved.

      97.     Complaint [REDACTED].  Response reserved.

      98.     Complaint [REDACTED].  Response reserved.

      99.     Complaint [REDACTED].  Response reserved.

      100.     Complaint [REDACTED].  Response reserved.

      101.     Complaint [REDACTED].  Response reserved.

      102.     Complaint [REDACTED].  Response reserved.

      103.     Complaint [REDACTED].  Response reserved.

      104.     Complaint [REDACTED].  Response reserved.

105.    Complaint [REDACTED].  Response reserved.

106.    Complaint [REDACTED].  Response reserved.

107.    Complaint [REDACTED].  Response reserved.

108.    Complaint [REDACTED].  Response reserved.

109.    Complaint [REDACTED].  Response reserved.

110.    Complaint [REDACTED].  Response reserved.

111.    Complaint [REDACTED].  Response reserved.

112.    Complaint [REDACTED].  Response reserved.

113.    Admit the averments of Paragraph 113 of the Amended Complaint except deny that organizing was the "central, if not the only" goal of the merger.

114.    No response is required to the conclusory and argumentative averments of Paragraph 114 of the Amended Complaint.  Alternatively, Defendants respectfully refer the Court to the full transcript of statements quoted by Plaintiffs.

115.    No response is required to the conclusory and argumentative averments of Paragraph 115 of the Amended Complaint, which are alternatively denied.

116.    Complaint [REDACTED].  Response reserved.

117.    Complaint [REDACTED].  Response reserved.

118.    Complaint [REDACTED].  Response reserved.

119.    Complaint [REDACTED].  Response reserved.

120.    Complaint [REDACTED].  Response reserved.

121.    Complaint [REDACTED].  Response reserved.

122.    No response is required to the conclusory argumentative averments of Paragraph 122 of the Amended Complaint, which are alternatively denied.  Defendants

lack knowledge and information as to the figures because relevant documentation has been and continues to be under the control and manipulation of Raynor and persons loyal to him.

123.    Deny the averments of Paragraph 123 of the Amended Complaint.

124.    Lack knowledge and information sufficient to form a belief as to the truth of the averments of Paragraph 124 of the Amended Complaint and respectfully refer the Court to the actual provisions of the Affiliation Agreement and constitution for the terms thereof.

125.    Lack knowledge and information sufficient to form a belief as to the truth of the averments of Paragraph 125 of the Amended Complaint and respectfully refer the Court to the actual provisions of the Affiliation Agreement and constitution for the terms thereof.

126.    Deny the averments of Paragraph 126 of the Amended Complaint.

127.    Deny the averments of Paragraph 127 of the Amended Complaint and aver that Vasquez acted improperly.

128.    Lack knowledge and information sufficient to form a belief as to the truth of the averments of Paragraph 128 of the Amended Complaint.

129.    Lack knowledge and information sufficient to form a belief as to the truth of the averments of Paragraph 129 of the Amended Complaint.

130.    Deny the averments of Paragraph 130 of the Amended Complaint.

131.    Lack knowledge and information sufficient to form a belief as to the truth of the averments of Paragraph 131 of the Amended Complaint.

132.    Deny the averments of Paragraph 132 of the Amended Complaint, except aver that Daugherty has held and sought positions with Local 24.

133.    Deny the averments of Paragraph 133 of the Amended Complaint, and respectfully refer the Court to the bylaws of Local 24, properly approved, for the terms thereof.

134.    Deny the averments of Paragraph 134 of the Amended Complaint.

135.    Deny the averments of Paragraph 135 of the Amended Complaint.

136.    Deny the averments of Paragraph 136 of the Amended Complaint and aver that the Joint Board and Brown acted improperly.

137.    Complaint [REDACTED].  Response reserved.

138.    Deny the averments of Paragraph 138 of the Amended Complaint, except admit that litigation exists between Local 24 and the Midwest Joint Board.

139.    Deny knowledge and information sufficient to form a belief as to the truth of the averments of Paragraph 139 of the Amended Complaint, except admit that at the time of the merger, UNITE owned a building located at 275 Seventh Avenue, New York, N.Y.

140.    Lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 140 of the Amended Complaint.

141.    Lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 141 of the Amended Complaint, except aver that ownership of the building is in UNITE HERE and deny the effect of any alleged promise.

142.    Lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 142 of the Amended Complaint.

143.     Deny the averments of Paragraph 143 of the Amended Complaint.

144.     Deny the averments of Paragraph 144 of the Amended Complaint.

145.     Deny the averments of Paragraph 145 of the Amended Complaint.

146.     Deny the averments of Paragraph 146 of the Amended Complaint.

147.     Deny the averments of Paragraph 147 of the Amended Complaint except admit that an economic crisis exists in the United States and Canada which UNITE-HERE should be addressing in united fashion.

148.     Deny the averments of Paragraph 148 of the Amended Complaint.

149.     Deny the averments of Paragraph 149 of the Amended Complaint.

150.     No response is required to the conclusory and argumentative averments of Paragraph 150 of the Amended Complaint.  Alternatively the averments of Paragraph 150 are denied; statements are alleged out of context that renders the averments materially false.  Defendants respectfully refer the Court to the provisions of the UNITE-HERE Constitution for the terms thereof.  More specifically:

a.     Defendant deny the averments of Subparagraph B except admit that a proposal passed that Warren Heyman would conduct the trusteeship hearing for the Amalgamated Northeast Joint Board and Peter Ward would conduct the trusteeship hearing for the New England Joint Board. Defendants further aver that said proposals were later withdrawn and rescinded at the February 9-11, 2009 GEB meetings and also respectfully refer the Court to the UNITE-HERE Constitution as to the nature and duties of the General President, President/Hospitality Industry, GEB, Executive Committee and the GEB's interpretation of the same.

b.  Defendants deny the averments of Subparagraph C except admit that a proposal was made and passed that growth agreements unilaterally made could not become effective until approved by the Executive Committee. The Defendants also respectfully refer the Court to the UNITE-HERE Constitution as to the nature and duties of the General President/Hospitality Industry, GEB, Executive Committee and the GEB's interpretation of the same.

c.  Defendants deny the averments of Subparagraph D except admit that Wilhelm proposed that the duties and authority of Jim Dupont, Director of the Union's Laundry and Food Service Division, be immediately restored. Defendants further aver that such proposal passed and also respectfully refer the Court to the UNITE-HERE Constitution as to the nature and duties of the General President, President/Hospitality Industry, GEB, Executive Committee and the GEB's interpretation of the same.

d.  Defendants deny the averments of Subparagraph E except admit that Wilhelm proposed that Executive Vice President Mark Fleischman execute the contract with Convention Services Unlimited which had already been agreed to by plaintiff and Wilhelm. Defendants further aver that such proposal passed and also respectfully refer the Court to the UNITE-HERE Constitution as to the nature and duties of the General President, President/Hospitality Industry, GEB, Executive Committee and the GEB's interpretation of the same.

e.   Defendants deny the averments of Subparagraph F of the Amended
Complaint except admit that Wilhelm introduced budget proposals that
would eliminate the Union's Communications and International Affairs
Departments; eliminate the Union's in house Legal Department except for
the General Counsel and appropriate clerical staff; eliminate the Union's
in house Audit Department and contract out for same services; freeze each
Division's 2009 budget, and reduce it by any amounts it was over-budget
in 2008; charge affiliates with space in the headquarters building market
rent; and eliminate any International Union subsidies for affiliate staff not
directly involved in organizing. Defendants further aver that such
proposals passed and also respectfully refer the Court to the UNITE-
HERE Constitution as to the nature and duties of the General President,
President/Hospitality Industry, GEB, Executive Committee and the GEB's
interpretation of the same.

f.   Defendants deny the averments of Subparagraph G of the Amended
Complaint except admit that Wilhelm made a proposal that a committee
made up of Peter Ward, Dee Taylor and Mark Fleischman evaluate the
best uses of the Union's headquarters building in New York City.
Defendants further aver that plaintiff did not object that such proposal
usurped his constitutional authority and that such proposal passed.
Defendants also respectfully refer the Court to the UNITE-HERE
Constitution as to the nature and duties of the General President,

President/Hospitality Industry, GEB, Executive Committee and the GEB's interpretation of the same.

151.     Deny the allegations of Paragraph 151 of the Amended Complaint, except admit that there came a time when, as part of a stratagem among Bruce Raynor, Plaintiffs, and others to unlawfully secede from UNITE HERE, compete with it, and convert and misappropriate its major assets to themselves and rival unions – a stratagem they began planning and implementing months *before* the December 2008 Executive Committee meeting – Plaintiffs and certain other UNITE HERE Vice-Presidents allied with them publicly called for the termination of the merger.

152.     Lack knowledge and information sufficient to form a belief as to the truth of the averments of Paragraph 152 of the Amended Complaint, except deny the WHEREAS provisions and aver that the GEB has not approved and in fact disapproved by resolution any dissolution and related steps.

153.     Deny the allegations of paragraph 153 of the Amended Complaint, except admit that there was a GEB meeting on February 9-11, 2009 in Washington. D.C. at which the GEB withdrew the trusteeship proceedings previously ordered by the Executive Committee and passed certain resolutions.

154.     Deny the allegations of paragraph 154 of the Amended Complaint, except admit that Wilhelm offered and the GEB passed a resolution concerning Local 24 and the Midwest Joint Board and that Plaintiffs and other former UNITE officers abstained, and respectfully refer the Court to the UNITE HERE Constitution and the referenced resolution for their contents.

155.    Deny the allegations of paragraph 155 of the Amended Complaint, except admit that the GEB passed a resolution concerning the Union's headquarters building and that Plaintiffs and other former UNITE officers abstained, and respectfully refer the Court to the UNITE HERE Constitution and the referenced resolution for their contents.

156.    Deny the allegations of paragraph 156 of the Amended Complaint, except admit that Wilhelm proposed and the GEB approved a resolution concerning convention committees and that the vote on the resolution was 38 for and 25 against, and respectfully refer the Court to the UNITE HERE Constitution and the referenced resolution for their contents.

157.    Deny the allegations of paragraph 157 of the Amended Complaint, except admit that Wilhelm introduced and the GEB passed a 2009 budget proposal, that former UNITE officers abstained, and respectfully refer the Court to the UNITE HERE Constitution and the referenced budget proposal for their contents.

158.    Deny the allegations of paragraph 158 of the Amended Complaint, except admit that Wilhelm introduced and the GEB passed a resolution concerning payment of certain litigation costs, and respectfully refer the Court to the UNITE HERE Constitution and the referenced resolution for their contents.

159.    Deny the allegations of paragraph 159 of the Amended Complaint, except admit that the GEB passed resolutions authorizing certain lawsuits, authorizing the retention and payment of certain lawyers, and addressing certain consequences of unauthorized Joint Board disaffiliation votes, and respectfully refer the Court to the UNITE HERE Constitution and the referenced resolutions for their contents.

160.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 160 of the Amended Complaint.

161.    Deny the allegations of Paragraph 161 of the Amended Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations that more than 1,800 union members and union delegates participated in the voting by 17 Joint Boards and Joint Councils and 650 Local Unions, that these represent more than 100,000 currently working members, and that, in addition to the disaffiliation votes that were taken, more than 75,000 members have already signed petitions supporting the disaffiliations and terminating their membership in UNITE HERE.

162.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 162 of the Amended Complaint.

163.    Deny the allegations of Paragraph 163 of the Amended Complaint, except admit that, on or about March 9, 2009, John Wilhelm received letters from Plaintiffs and perhaps others asserting that they had disaffiliated from UNITE HERE and respectfully refer the Court to those letters for their contents.

164.    Deny the allegations of paragraph 164 of the Amended Complaint, except admit that on March 9, 2009, Bruce Raynor, General President wrote a Memorandum on UNITE HERE letterhead to UNITE HERE Staff concerning plaintiffs' purported disaffiliations, and respectfully refer the Court to that Memorandum for its contents.

165.    Deny the allegations of paragraph 165 of the Amended Complaint, except admit that on March 13, 2009, the GEB met and passed resolutions relating to plaintiffs' purported disaffiliations from UNITE HERE, and respectfully refer the Court to those resolutions for their contents.

166.    Deny the allegations of paragraph 166 of the Amended Complaint, except admit that on March 13, 2009, Janice Loux demanded that the GEB take certain action, and respectfully refer the court to the transcript of that demand for its contents.

167.    Deny the allegations of paragraph 167 of the Amended Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations that "[i]n each case the expenditures identified in the Officers' Resolution have been approved by the Plaintiff unions."

168.    Deny the allegations of paragraph 168 of the Amended Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations that "[t]he Plaintiff unions have voted in a democratic process to terminate their affiliation with UNITE HERE and to amend their constitutions to eliminate any references to UNITE HERE or its Constitution."

169.    Deny the allegations of Paragraph 169 of the Amended Complaint.

170.    Deny the averments of Paragraph 170 of the Amended Complaint.

171.    Deny the averments of Paragraph 171 of the Amended Complaint, except admit that on April 21, 2009, the GEB appointed John Boardman as a hearing officer to conduct a trusteeship hearing for Local 274.

172.    Deny the averments of Paragraph 172 of the Amended Complaint, except admit that by letter dated May 4, 2009, Defendant Wilhelm notified the members of Local 274 that a hearing would be conducted on May 18, 2009 in Philadelphia, Pennsylvania on the proposed trusteeship.

173.    Deny the averments of Paragraph 173 of the Amended Complaint.

## FIRST CAUSE OF ACTION

174.     Repeat the above responses to the averments of Paragraphs 1 to 173 of the Amended Complaint as if fully set forth herein.

175.     Deny the allegations of paragraph 175 of the Amended Complaint, and refer the Court to the Merger Agreement for its terms.

176.     Deny the allegations of paragraph 176 of the Amended Complaint.

177.     Deny the averments of Paragraph 178 of the Amended Complaint, except admit that UNITE HERE issued a charter to the Rocky Mountain Joint Board.

178.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 178 of the Amended Complaint.

179.     Deny the averments of Paragraph 179 of the Amended Complaint, except admit that UNITE HERE scheduled and held a trusteeship hearing for Local 274, though no decision has yet been issued.

180.     Deny the averments of Paragraph 180 of the Amended Complaint, and respectfully refer the Court to the Merger Agreement and the UNITE HERE Constitution for their terms.

181.     Deny the averments of Paragraph 180 of the Amended Complaint, and respectfully refer the Court to the Merger Agreement, the UNITE HERE Constitution, and the UNITE Constitution for their terms.

182.     Deny the averments of Paragraph 182 of the Amended Complaint.

## SECOND CAUSE OF ACTION

183.    Repeat the above responses to the averments of Paragraphs 1-182 of the Amended Complaint as if fully set forth herein.

184.    Deny the averments of Paragraph 184 of the Amended Complaint, reserve on REDACTED.

185.    Deny the averments of Paragraph 185 of the Amended Complaint.

186.    Deny the averments of Paragraph 186 of the Amended Complaint

187.    Deny the averments of Paragraph 187 of the Amended Complaint.

## THIRD CAUSE OF ACTION

188.    Repeat the above responses to the averments of Paragraphs 1-187 of the Amended Complaint as if fully set forth herein.

189.    Deny the averments of Paragraph 189 of the Amended Complaint.

190.    Deny the averments of Paragraph 190 of the Amended Complaint.

191.    Complaint [REDACTED].  Response reserved.

192.    Deny the averments of Paragraph 192 of the Amended Complaint.

193.    Deny the averments of Paragraph 193 of the Amended Complaint.

194.    Deny the averments of Paragraph 194 of the Amended Complaint.

## FOURTH CAUSE OF ACTION

195.    Repeat the above responses to the averments of Paragraphs 1-194 of the Amended Complaint as if fully set forth herein.

196.    Deny the averments of Paragraph 196 of the Amended Complaint.

197.    Deny the averments of Paragraph 197 of the Amended Complaint.

198.    Complaint [REDACTED].  Response reserved.

199.    Complaint [REDACTED].  Response reserved.

200.    Deny the averments of Paragraph 200 of the Amended Complaint.

201.    Deny the averments of Paragraph 201 of the Amended Complaint.

202.    Deny the averments of Paragraph 202 of the Amended Complaint.

## FIFTH CAUSE OF ACTION

203.    Repeat the above responses to the averments of Paragraphs 1-202 of the Amended Complaint as if fully set forth herein.

204.    Deny the averments of Paragraph 2043 of the Amended Complaint.

205.    Deny the averments of Paragraph 205 of the Amended Complaint.

206.    Deny the averments of Paragraph 206 of the Amended Complaint.

207.    Complaint [REDACTED].  Response reserved.

208.    Lack knowledge and information sufficient to form a belief as to the truth of the averments of Paragraph 208 of the Amended Complaint.

209.    Deny the averments of Paragraph 209 of the Amended Complaint.

210.    Deny the averments of Paragraph 210 of the Amended Complaint.

## SIXTH CAUSE OF ACTION

211.    Repeat the above responses to the averments of Paragraphs 1-210 of the Amended Complaint as if fully set forth herein.

212.    Deny the averments of Paragraph 212 of the Amended Complaint.

213.    Deny the averments of Paragraph 213 of the Amended Complaint.

214.    Deny the averments of Paragraph 214 of the Amended Complaint.

215.    Deny the averments of Paragraph 215 of the Amended Complaint.

216.    Deny the averments of Paragraph 216 of the Amended Complaint, reserve on REDACTED.

217.    Deny the averments of Paragraph 217 of the Amended Complaint.

218.    Deny the averments of Paragraph 218 of the Amended Complaint, reserve on REDACTED.

219.    Deny the averments of Paragraph 219 of the Amended Complaint.

## SEVENTH CAUSE OF ACTION

220.    Repeat the above responses to the averments of Paragraphs 1-219 of the Amended Complaint as if fully set forth herein.

221.    Deny the averments of Paragraph 221 of the Amended Complaint, reserve on REDACTED.

222.    Deny the averments of Paragraph 222 of the Amended Complaint.

## EIGHTH CAUSE OF ACTION

223.    Repeat the above responses to the averments of Paragraphs 1-222 of the Amended Complaint as if fully set forth herein.

224.    Deny the averments of Paragraph 224 of the Amended Complaint.

225.    Deny the averments of Paragraph 225 of the Amended Complaint

226.    Deny the averments of Paragraph 226 of the Amended Complaint.

227.    Deny the averments of Paragraph 227 of the Amended Complaint, reserve on REDACTED.

228.    Deny the averments of Paragraph 228 of the Amended Complaint.

229.    Deny the averments of Paragraph 229 of the Amended Complaint.

230.    Deny the averments of Paragraph 230 of the Amended Complaint.

231.    Deny the averments of Paragraph 231 of the Amended Complaint.

## NINTH CAUSE OF ACTION

232.    Repeat the above responses to the averments of Paragraphs 1-231 of the Amended Complaint as if fully set forth herein.

233.    Deny the averments of Paragraph 233 of the Amended Complaint.

234.    Deny the averments of Paragraph 234 of the Amended Complaint.

235.    Deny the averments of Paragraph 235 of the Amended Complaint.

236.    Deny the averments of Paragraph 236 of the Amended Complaint.

## FUTILITY

237.    Deny the averments of Paragraph 237 of the Amended Complaint.

238.    Deny the averments of Paragraph 238 of the Amended Complaint.

239.    Deny the averments of Paragraph 239 of the Amended Complaint, and respectfully refer the Court to the transcripts of the February 9-11, March 13 and April 21, 2009 GEB meetings as to what transpired.

## PUBLIC REVIEW BOARD

240.    No response is required to the legal conclusions of Paragraph 213 of the Amended Complaint.  Alternatively, disaffiliation and other conduct taken or planned by Plaintiffs, Raynor and others aligned with them will adversely affect the jurisdiction and functions of the Public Review Board.  Defendants accept Plaintiffs' consent to Public Review Board jurisdiction over them and any entity into which they affiliate; such broader jurisdiction is required in accordance with the broad definitions and jurisdictional scope of the Consent Decree in *US v. HEREIU*, USDC, DNJ Civ. Action No. 95-4596(GEB).

**FIRST DEFENSE**

241.    The Amended Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

242.    Plaintiffs have failed to exhaust their internal union remedies.

**THIRD DEFENSE**

243.    Plaintiffs do not state with sufficient particularity the circumstances constituting the fraud purportedly alleged.

**FOURTH DEFENSE**

244.    Plaintiffs' state law claims are all preempted by federal labor laws.

**FIFTH DEFENSE**

245.    Plaintiffs' claims are barred by their unclean hands.

**SIXTH DEFENSE**

246.    Plaintiffs' claims are barred by their prior violations, breaches, and repudiation of the UNITE HERE Constitution.

**SEVENTH DEFENSE**

247.    Defendants' conduct was justified by the violations of the UNITE HERE Constitution and of 29 U.S.C. § 501(a) detailed in the Counterclaims, and by Plaintiffs' and the Counterclaim Defendants' conflicts of interest.

**EIGHTH DEFENSE**

248.    Plaintiffs' claims are barred by the parol evidence rule.

**NINTH DEFENSE**

249.    Certain of Plaintiffs' claims, including, without limitation, those based on ¶¶ 141-144, are barred by the Statute of Frauds.

**TENTH DEFENSE**

250.    Plaintiffs' claims based upon allegations of corruption are barred by judicial estoppel.

**ELEVENTH DEFENSE**

251.    Plaintiffs' have waived their claims.

**TWELFTH DEFENSE**

252.    Plaintiffs are estopped from asserting their claims.

**THIRTEENTH DEFENSE**

253.    Plaintiffs' claims are barred by laches.

**FOURTEENTH DEFENSE**

254.    Plaintiffs' claims are barred because Plaintiffs are *in pari delicto*.

**FIFTEENTH DEFENSE**

255.    The relief Plaintiffs seek would result in their unjust enrichment.

**SIXTEENTH DEFENSE**

256.    Local 274's belated attempt to join and assert class action claims in this action (which is *not* a class action), is barred (i) as a matter of law and (ii) because it would undermine, rather than secure, the "just, speedy, and inexpensive determination" of this action mandated by Fed. R. Civ. P. 1.

WHEREFORE, Defendants respectfully request that the Amended Complaint be dismissed together with whatever further relief to Defendants this Court deems just, fair, and appropriate.

## DEFENDANTS' AND NOMINAL DEFENDANT'S COUNTERCLAIMS UNDER 29 U.S.C. §§ 185(a) AND 501(a)

257.    As detailed below, Defendants, including Nominal Defendant UNITE HERE, as Counterclaimants, assert counterclaims for restitution, equitable relief, and compensatory and punitive damages as follows:

- By UNITE HERE against each and all of the Individual Counterclaim Defendants pursuant to 29 U.S.C. § 501(a)

- By all Counterclaimants against each and all of the Individual Counterclaim Defendants pursuant to 29 U.S.C. § 185(a), and

- By all Counterclaimants against each and all of the Plaintiffs pursuant to 29 U.S.C. § 185(a).

## PARTIES

258.    Counterclaimant UNITE HERE International Union ("UNITE HERE" or the "International Union") is an international union formed on July 12, 2004 by the merger of UNITE, a labor organization primarily representing workers in the textile, clothing, apparel, and commercial laundry industries, and HEREIU, a labor organization primarily representing workers in the hotel, restaurant, and gaming industries. UNITE HERE was formed as an unincorporated association under and pursuant to the laws of the State of New York and maintains its principal office at 275 Seventh Avenue, New York. New York.

27

259.    Each Plaintiff named in the First Amended Complaint is also a Counterclaim Defendant.

260.    Counterclaim Defendant Bruce Raynor was the General President of UNITE HERE until May 30, 2009.  Nevertheless, for several months – both while he remained General President and after he ceased to hold that position – Raynor has led a group of union officials, including Counterclaim Defendants, who, in violation of the UNITE HERE Constitution and 29 U.S.C. § 501(a), are engaged in a campaign (a) to bring about the secession from UNITE HERE of UNITE HERE affiliates whose constituent local unions represent approximately one third of the Union's 450,000 members, (b) to take with them all of the Union's major assets and funds, (c) to undermine, thwart, and discredit UNITE HERE, and (d) to form an antagonistic rival union, then reaffiliate with SEIU, another antagonistic rival international union.  Raynor and the other Counterclaim Defendants, who were all officers or employees of UNITE before its 2004 merger with HERE, are attempting to break apart the Union because they expected to lose the general election to be held at the Union's convention in early July 2009, the first time the Counterclaim Defendants have stood for reelection since the 2004 merger.  The UNITE HERE local unions that were part of the former HERE will hold a significant majority of the voting strength at the convention, which is proportionate to membership.  Though leading the secessionists – who are openly antagonistic to UNITE HERE – Raynor nevertheless retained his position at UNITE HERE until May 30, 2009, and used it both to advance his faction's goals and to thwart UNITE HERE's operations and its attempt to defend itself against Counterclaim Defendants campaign.

261.    Each of the other Counterclaim Defendants is also an officer or agent or former officer or agent of UNITE HERE:

a.    Counterclaim Defendant Noel Beasley is the Manager of the Chicago and Midwest Regional Joint Board, which is an affiliate of UNITE HERE, and until he tendered his resignation on March 9, 2009, was an Executive Vice President of UNITE HERE.  Beasley is also a director of the Amalgamated Bank and a trustee of the UNITE HERE National Retirement Fund.

b.    Counterclaim Defendant Harold Bock is Manager and Regional Director of the Mid-Atlantic Regional Joint Board, which is an affiliate of UNITE HERE, and until he tendered his resignation on March 9, 2009, was an International Vice President of UNITE HERE.  Bock is also a director of the Amalgamated Bank and a trustee of the UNITE HERE National Retirement Fund.

c.    Counterclaim Defendant Gary Bonadonna is the Director and Manager of the Rochester Joint Board, which is an affiliate of UNITE HERE, and until he tendered his resignation on March 9, 2009, was an International Vice President of UNITE HERE.  Bonadonna is also a director of the Amalgamated Bank.

d.    Counterclaim Defendant Clayola Brown, until she tendered her resignation on March 9, 2009, was an International Vice President of UNITE HERE.  Brown is also a director of the Amalgamated Bank.

e.  Counterclaim Defendant May Chen is the Manager of UNITE HERE Local 23-25, which is an affiliate of UNITE HERE, and until she tendered her resignation on March 9, 2009, was an International Vice President of UNITE HERE.  Chen is also a director of the Amalgamated Bank.

f.  Counterclaim Defendant Randi Farber was UNITE HERE's Chief Financial Officer until she resigned on May 29, 2009.  Farber is also a director of the Amalgamated Bank.

g.  Counterclaim Defendant Mark Fleischman was an Executive Vice President of UNITE HERE until he resigned on May 29, 2009. Fleischman is also a director of the Amalgamated Bank, a trustee of the UNITE HERE National Retirement Fund, a director of 275 Seventh Avenue LLC and Treasurer of 275 Seventh Avenue Building LLC.

h.  Counterclaim Defendant Lynne Fox is the District Manager of the Philadelphia Joint Board, which is an affiliate of UNITE HERE, and until she tendered her resignation on March 9, 2009, was an International Vice President of UNITE HERE.  Fox is also a director of the Amalgamated Bank; and a trustee of the UNITE HERE National Retirement Fund.

i.  Counterclaim Defendant John Gillis is the General Manager of the New York New Jersey Regional Joint Board, which is an affiliate of UNITE HERE, and until he tendered his resignation on March 9, 2009, was an International Vice President of UNITE HERE.  Gillis is also a director of the Amalgamated Bank; and a trustee of the UNITE HERE National Retirement Fund.

30

j.  Counterclaim Defendant Christine Kerber is the Manager of the Metropolitan Distribution and Trucking Joint Board, which is an affiliate of UNITE HERE, and until she tendered her resignation on March 9, 2009, was an International Vice President of UNITE HERE.  Kerber is also a director of the Amalgamated Bank; and a trustee of the UNITE HERE National Retirement Fund.

k.  Counterclaim Defendant Wilfredo Larancuent is the Manager of the Laundry Dry Cleaning and Allied Workers Joint Board, which is an affiliate of UNITE HERE, and until he tendered his resignation on March 9, 2009, was an International Vice President of UNITE HERE.  Larancuent is also a director of the Amalgamated Bank.

l.  Counterclaim Defendant David Melman is the Manager of the Pennsylvania Joint Board, which is an affiliate of UNITE HERE, and until he tendered his resignation on March 9, 2009, was an International Vice President of UNITE HERE.  Melman is also a director of the Amalgamated Bank; and a trustee of the UNITE HERE National Retirement Fund.

m.  Counterclaim Defendant Edgar Romney is the Manager of the New York Metropolitan Area Joint Board, which is an affiliate of UNITE HERE, and until he tendered his resignation on March 9, 2009, was an Executive Vice President of UNITE HERE.  Romney is also a director of the Amalgamated Bank; a trustee of the UNITE HERE National Retirement

Fund; Secretary of 275 Seventh Avenue LLC; and Secretary Treasurer of 275 Seventh Avenue Building LLC.

n.  Counterclaim Defendant William Towne is the Manager of Local 169, which is an affiliate of UNITE HERE, and until he tendered his resignation on March 9, 2009, was an International Vice President of UNITE HERE.  Towne is also a director of the Amalgamated Bank.

o.  Counterclaim Defendant Alexandra Dagg was an Executive Vice President of UNITE HERE until she resigned in March 2009.

p.  Counterclaim Defendant Brent Garren was General Counsel of UNITE HERE until he resigned on May 12, 2009.

q.  Counterclaim Defendant Ira Jay Katz was Senior Associate General Counsel of UNITE HERE until he resigned on March 25, 2009.

r.  Counterclaim Defendant Michael Zucker was an employee, agent and representative of UNITE HERE until he resigned on May 26, 2009.

s.  Counterclaim Defendant Keith Mestrich was an employee, agent and representative of UNITE HERE until he resigned on March 23, 2009.

t.  Counterclaim Defendant Amanda Cooper was an employee, agent and representative of UNITE HERE until she resigned on April 6, 2009.

262.    In these Counterclaims, those Counterclaim Defendants who are Plaintiffs shall be referred to as "Plaintiff" or "Plaintiffs," those Counterclaim Defendants who are not Plaintiffs shall be referred to as the "Individual Counterclaim Defendants," and both groups, collectively, shall be referred to as "Counterclaim Defendants."

## JURISDICTION AND VENUE

263.    Subject matter jurisdiction is proper in this Court pursuant to § 301(a) of the LMRA, 29 U.S.C. §§ 185(a), 29 U.S.C. § 501(a), and 28 U.S.C. § 1331.  UNITE HERE is a labor organization representing employees in industries affecting commerce within the meaning of 29 U.S.C. § 152.

264.    Venue is proper in this Court pursuant to § 301(c) of the LMRA, 29 U.S.C. § 185(c) and 28 U.S.C. § UNITE HERE is headquartered here, its authorized officers and agents are engaged in representing and acting for employee members here, a substantial portion of the events or omissions giving rise to the claim occurred here, and a substantial part of property that is the subject of the action is situated here.  Further, each of the Counterclaim Defendants either has submitted to the jurisdiction of this Court by filing their claims here, resides or works in this district, or both.

## FACTUAL BACKGROUND

A.    **Pertinent Provisions of the UNITE HERE Constitution**

265.    Each of Plaintiffs is and was at times material to this complaint a present or former affiliate of UNITE HERE.

266.    Article 1, Sec. 2(e) of the UNITE HERE Constitution defines "affiliate" as follows:

> "Affiliate" means a local union, joint board, joint council (in Canada) or any other subordinate body affiliated with UNITE HERE.

267.    Each of the Individual Counterclaim Defendants is and was at times material to this complaint an officer, agent, or other representative of UNITE HERE.

268.    Many of the Individual Counterclaim Defendants were also officers of affiliates of UNITE HERE.

269.    Each of the Counterclaim Defendants took an oath of office which is

specified in Article 8, Sec. 8 of the UNITE HERE Constitution (the "Constitution"),

which states in pertinent part:

> Each member elected or appointed to an office or position of UNITE HERE shall take the following oath, which shall constitute a commitment upon his or her installation:
>
> "Upon my honor I pledge that I will truly and faithfully carry out the duties and responsibilities of my office....  I will uphold the Constitution, by-laws and policies of our union. I will conduct my union business with ethics and integrity at all times. By these actions I will help create a future of hope and freedom by strengthening the power of UNITE HERE.  All of this I do solemnly affirm."

270.    Article 21, Sec. 7 of the Constitution provides:

> The withdrawal, transfer or use of funds or property in a manner not provided for herein is a violation of this Constitution.

271.    The Constitution imposes fiduciary duties on all officers and employees of

UNITE HERE and its affiliates – both during their term of office/employment and upon

their departure from UNITE HERE – to safeguard union funds, to use them only for

proper, prudent purposes allowed by the Constitution, and to make full disclosure

concerning the use and investment of all Union funds and property.  Notably:

a.    Art. 23, Sec. 2(a) of the Constitution provides:

> All officers and employees of the International Union and its affiliates have a fiduciary duty to safeguard the funds of the Union and to use them only for proper and prudent purposes. The members are entitled to full disclosure concerning the use and investment of all Union funds.

b.    Article 21, Sec. 3(c) of the Constitution provides:

> Each officer, executive board member, business agent, representative and employee of UNITE HERE and its affiliates shall deliver to his or her successor or to the GEB upon demand all funds and property in his or her possession or control received from his or her predecessor, from employers as contributions to specific purpose funds, from members or applicants for membership or workplace employees, from any affiliate or from any source

for union purposes, for funds, for members, and all accretions thereon. He or she shall not be released from his or her bond until fully accounting for and delivering such funds, property and accretions.

272.    The Constitution imposes further fiduciary duties on UNITE HERE's

Presidents to protect its assets and make transparent its financial transactions.

    a.    Article 21, Sec. 2(b) of the Constitution provides in part that "The

        International Union's Presidents shall take all necessary steps to protect the

        Union's property."

    b.    Article 21, Sec. 6 provides in pertinent part:

> The Presidents shall have the power for UNITE HERE... to invest the funds held by it in such securities and investments as it may deem advisable and which are investments of the type specifically approved by the GEB and permitted by law and to purchase or sell, for cash or on credit, convert, redeem, exchange for other securities or other properties, or otherwise dispose of, any securities or other property at any time held by it.

    c.    Art. 3, Sec. 3(b)(vi)(11) imposes on the General President the "financial

        fiduciary dut[y]" to "report periodically to the GEB on his or her activities and

        on the financial transactions of UNITE HERE."

273.    Under the UNITE HERE Constitution ("Constitution"), ultimate title and

right to all property held by UNITE HERE or by any of its affiliates is in the International

Union. An affiliate is allowed to hold and use property only so long as it remains

affiliated with the International Union. If that affiliation ends, title and possession of all

property reverts to the International Union. Article 21, Sec. 2(a) of the Constitution

provides:

> All initiation fees, dues, other payments due or owed by members, and all other funds and property and all books and records in the possession of or subject to the control of any affiliate shall be and remain the property of UNITE HERE, but shall be retained by the affiliate with full power to use them for its proper purposes so long as such affiliate holds a valid charter issued by UNITE HERE, or until an affiliate receives notice that an

employer employing all of the affiliate's members will permanently close its operations and terminate all of the affiliate's members.

274.    The charter of an affiliate is also the property of the International Union. Article 21, Sec. 1 provides:

> The charter granted to an affiliate shall be and remain the property of UNITE HERE to be used by the affiliate only so long as it complies with this Constitution and the policies, rules and directives of UNITE HERE.

275.    Consistent with these provisions vesting all property in the International Union, the Constitution has multiple protections against the loss of this property through any action that an affiliate might take. An affiliate must use the assets it holds only for the purposes allowed by the Constitution. It may invest funds or engage in transactions in securities or other property only "under the supervision of the [International Union's] GEB." And when an affiliate disbands, has its charter revoked or the charter becomes invalid, all property must be returned to the International Union.

   a.    Article 21, Sec. 2(b) of the Constitution provides in pertinent part:

> The funds and property in the possession of an affiliate shall be exclusively devoted to the fulfillment of the organizational purposes set forth in this Constitution and shall not be liquidated or disposed of, in whole or in part, by dividing it up among the members, directly or indirectly, or by expending or diverting it in any other manner in violation of this Constitution.

   b.    Article 21, Sec. 6 provides in pertinent part:

> ...[T]he executive board of an affiliate shall, *under the supervision of the GEB*, have power for such organization to invest the funds held by it in such securities and investments as it may deem advisable *and which are investments of the type specifically approved by the GEB* and permitted by law and to purchase or sell, for cash or on credit, convert, redeem, exchange for other securities or other properties, or otherwise dispose of, any securities or other property at any time held by it.

   c.    Article 21, Sec. 2(c) of the Constitution provides in pertinent part:

36

> When the charter of an affiliate is revoked or becomes invalid... then the charter, funds, books, records and other property held by or for such affiliate shall immediately be delivered to and all rights thereto transferred to UNITE HERE. It shall administer all such property in the best interests of all the members of UNITE HERE. Such delivery and transfer shall be made immediately to the Presidents by the bonded officer or person with custody or control of such property.

276.    Apart from provisions establishing and enforcing the International Union's ultimate title and right to all property held by UNITE HERE or by any of its affiliates, the Constitution strictly limits acts which threaten UNITE HERE's existence, integrity, or assets, or which subvert its interests to those of rival unions.

a.    Art. 1, Sec. 7 of the Constitution provides that "[t]he International Union may not be dissolved as long as three Local Unions oppose such dissolution."

b.    Art. 5, Sec. 7 provides that "[a] local may not withdraw from UNITE HERE, go out of existence, dissolve, or join or amalgamate with a non-UNITE HERE union without the prior consent of the GEB."

c.    Art. 7, Sec. 7 makes the GEB's control over locals under Art. 5, Sec. 7 applicable to UNITE HERE affiliates other than locals, notably, to Joint Boards, such as Plaintiffs. It provides that "[t]he duties and powers of the GEB and international officers with respect to locals shall likewise apply to all other affiliates, except as provided otherwise in this Constitution."

d.    Article 7, Sec. 4(b) specifically prohibits the use of union assets to assist any seceding or antagonistic organization, or any UNITE HERE affiliate that is violating the Constitution. It provides:

No funds of any affiliate shall be loaned, given, or expended to assist any seceding or antagonistic organization, or any affiliate that is violating this Constitution.

277.     Violation of the foregoing provisions subjects the violator to sanctions including, without limitation, revocation of an affiliate's charter, an officer's removal from office, and a member's expulsion from the union.

    a.   Article 7, Sec. 6(b) provides that an affiliate's charter "may be suspended or revoked by the Presidents for... any act of the affiliate intended or having the effect of terminating its status as an affiliate of UNITE HERE."

    b.   Similarly, Art. 3, Sec. 6 provides that the GEB's "general supervisory powers over all the affairs of UNITE HERE and its affiliates" include, without limitation, the right to "reprimand, discipline or reorganize any affiliate which has been found guilty of failing to comply with this Constitution or with policies or decisions adopted... by the GEB, or of other misconduct."

    c.   Article 16, Sec. 1 of the Constitution provides, in relevant part:

A member or a person holding an elected or appointed office or position in UNITE HERE or an affiliate may be required to appear at a disciplinary hearing when charged with any of the following offenses:

(a) Violating any provisions of this Constitution... or deliberately aiding or abetting another member in a violation.

(b) Gross disloyalty or conduct unbecoming a member.
          *     *     *

(d) Actual or attempted misappropriation, fraud or financial malpractice involving the assets of UNITE HERE or any of its affiliates or any employee benefit plan.

(k) Secession or fostering secession....

(l) Holding membership, office or position in a labor organization claiming jurisdiction over any trade or industry or branch thereof within the jurisdiction of, or in contractual relations with UNITE HERE which was not established under this Constitution which attempts to shape or influence the policies or actions of or to displace UNITE HERE or an affiliate, or active support or promotion of such a labor organization.

\*     \*     \*

(n) Retaining for his or her own use, or failing to deliver to his or her successor in any office or position, any property of UNITE HERE or of an affiliate.

\*     \*     \*

(p) Such other acts and conduct which tend to bring UNITE HERE or an affiliate into disrepute, interfere with the performance of legal or contractual obligations of UNITE HERE or an affiliate or which are in violation of sound trade union principles.

278.    An officer or member guilty of such misconduct may be reprimanded, suspended or expelled after a hearing.  Constitution, Art. 16, Sec. 6 and 11(a).

### Pertinent Federal Statutory Provisions

279.    29 U.S.C. § 185(a) authorizes federal "suits for violation of contracts... between any... labor organizations [representing employees in an industry affecting commerce."

280.    The Constitution of UNITE HERE is a "contract" within the meaning of 29 U.S.C. § 185(a) between UNITE HERE and its former and present affiliates, including Plaintiffs.

281.    29 U.S.C. § 501(a) establishes fiduciary duties for the officers and representatives of a labor organization, including UNITE HERE International Union and its affiliates.  It requires them

to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder, to refrain from dealing with such organization as an adverse party or in behalf of an adverse party in any

matter connected with his duties and from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization, and to account to the organization for any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the organization.

**B.    Counterclaim Defendants' Plan To Secede From UNITE HERE, Convert UNITE HERE's Assets To Themselves And Rival Unions, and Otherwise Compete With and Undermine UNITE HERE**

282.    UNITE HERE has been subjected to a premeditated and well-orchestrated campaign by Counterclaim Defendants, led by its former General President Bruce Raynor, and former Executive Vice Presidents Mark Fleischman, Edgar Romney, Noel Beasley and Alexandra Dagg, to strip UNITE HERE of as many assets as possible in anticipation of the UNITE HERE 2009 convention. UNITE HERE will elect its officers at the 2009 convention, scheduled to begin on June 29, as required by LMRDA § 401, 29 U.S.C. § 481. Raynor and his confederates knew that they lacked the votes for Raynor to be reelected as the union's General President, and feared that the election for that top position in the Union would be contested and that Raynor would lose. Therefore, beginning no later than October 2008, they devised and have been systematically implementing a plan to take from UNITE HERE as many assets as possible or tie them up so that UNITE HERE could not use them, and to cause as many affiliates of UNITE HERE as possible to secede and to establish a competing union affiliated with SEIU. As detailed herein, Counterclaim Defendants' campaign and their actions in implementing it flatly and fundamentally violated their duties under the UNITE HERE Constitution and under federal law.

283.    Raynor and other Counterclaim Defendants laid out this entire plan in a strategic map that stated their "Major Goals" and the "Campaign Components" to reach those goals. A true and correct copy of this strategic map is attached as Exhibit A and

incorporated herein by reference. The first and foremost goal was: "Need a 'game changer' so other side realizes that when they wake up in control of the union on July 3, 2009, that they in fact have won nothing – no assets to control, affiliates who won't roll over, leader of the UNITE forces in exhile [*sic*], polarized union." The third goal was "increasingly put the squeeze on them to make it hard for them to fight back – financially and through destabilization of the ground."

284.    The "Campaign Components" in the strategic map include several categories. One of the categories is "Retain Control of Key Assets." Several assets are listed under this heading. They include "ABNY", an abbreviation for the Amalgamated Bank of New York; "275 7th Ave.", a reference to the office building located at that address in New York City; the "Death Benefit Fund," a reference to the ILGWU death benefit fund (the "Death Benefit Fund") that has been the subject of litigation in *Banyai, et al. v. Mazur, et al.*, S.D.N.Y. No. 00 Civ. 9806 (Stein, J.); "NRF/NHF/ALICO"; and the "Staff Fund."

285.    All of the referenced "Key Assets" are assets of UNITE HERE or its members:

   a.   UNITE HERE is the controlling shareholder of Amalgamated Bank.

   b.   UNITE HERE owns the building at 275 Seventh Avenue, through two wholly-owned limited liability companies, and its headquarters are housed in the building.

   c.   A class action settlement of the *Banyai* litigation has been approved by the District Court in which UNITE HERE will receive the amount of overfunding in the Death Benefit Fund, which is at least $70,000,000.

   d.   "NRF" refers to the National Retirement Fund, an employee benefit plan sponsored by UNITE HERE and its affiliates.

e. "NHF" refers to the National Health Fund, an employee welfare benefit plan sponsored by UNITE HERE and its affiliates.

f. "ALICO" refers to the Amalgamated Life Insurance Company, a for-profit subsidiary of the National Retirement Fund that provides insurance and employee benefit plan administration services.

g. The "Staff Fund" is the UNITE HERE Staff Retirement Plan, the pension plan for UNITE HERE International Union employees.

286. Under the "Field" heading of the Campaign Components section of the strategic map, one of the entries is "Move program of direct mail, robo call, etc. to members."

287. Raynor and other Counterclaim Defendants further laid out their strategy for depriving UNITE HERE of its assets and orchestrating its breakup in the "Detailed Agenda and Talking Points For 1/8 Meeting," attached hereto as Exhibit B and incorporated herein by reference. Among other things, that Agenda stated as follows:

- We have a strategy that can win.
- That strategy is based on convincing the Wilhelm faction of the following:
  - There will be rival unions competing for their key jurisdictions of hotels, gaming and food services
  - One of those rivals will be us
  - The rival union will organize non-union workers in the sector and will raid other units
  - That rival union is likely to have ample resources
  - We will either take our resources with us or tie them up in a way that they will not be able to get a them for a long time
- Components of the strategy
  - Track 1 – Reconstitute UNITE
    - Affiliates take votes to leave UNITE (sic) and reconstitute UNITE HERE (sic)
      *       *       *
    - Work on strategies to take local assets with us
    - Develop schism strategy to take IU resources

42

          *      *      *

- ▪ SEIU established task for (sic) to establish hospitality division

          *      *      *

- o Track 2 – Establish Hegemony in UNITE HERE

  - ▪ Run positive message through UNITE HERE for Change Campaign and create vision of what kind of union we need to be and how we must leave if we cannot achieve that in our current union

  - ▪ Communicate directly with the members on that strategy

  - ▪ Lawsuit to establish power of the President and to ward off trusteeships

          *      *      *

- o Track 3 – Keep Them Busy

          *      *      *

  - ▪ Run Ground fights in key areas to keep HERE busy (Phoenix, Detroit, 100, 75)

          *      *      *

  - ▪ Pink sheeting

- • Why we can win:

  - o 100% confident that we can vote to leave the union and take our members

          *      *      *

  - o When we leave, we take half the per capita and will be funded by SEIU so that we can pay our staffs and run our union...

  - o Good chance we can take out assets with us – or at least some of them.  Worst case is that we will have them tied up in contest and no one will have access

  - o Faced with the prospect of a rival union and no money – will they settle, will they negotiate an orderly break up – maybe, but even if they don't we have a more viable option to run a union than we have today.

**C.    Counterclaim Defendants' Implementation of Their Strategy**

**Counterclaim Defendants' Misappropriation of UNITE HERE's Controlling Interest in the Amalgamated Bank**

288.    The largest asset of UNITE HERE is the Amalgamated Bank (the "Bank").  The Bank, which is almost entirely owned by UNITE HERE and its affiliates, has assets of approximately $4.5 billion.

289.     UNITE HERE and its predecessors (collectively, the "Union") have always controlled the Bank:  because of its majority ownership of the Bank's shares, including, notably, its voting shares,  the Union was able to fill the Bank Director positions with officers and high-level employees of the Union.

290.     As part of Counterclaim Defendants' scheme to (1) secede from UNITE HERE before they could be voted out of office at the Union's July 2009 convention, and (2) take with them UNITE HERE affiliates whose constituent locals represent approximately one third of UNITE HERE's 450,000 members, as well as UNITE HERE's major assets and funds, Counterclaim Defendant Bruce Raynor used his position as General President of UNITE HERE – which gave him the authority to vote the Union-owned shares of the Bank – to orchestrate amendments to the bylaws of Amalgamated Bank which entrench him and other Counterclaim Defendants as Bank Directors in perpetuity, regardless of whether they retain their elected UNITE HERE offices.

291.     On December 8, 2008, on short notice given during the preceding Thanksgiving holiday week, the Bank's Board of Directors, controlled by Counterclaim Defendants, adopted sweeping changes in governance, with four dissents by Board members other than Counterclaim Defendants.  A true and correct copy of the Board of Directors Resolutions amending Amalgamated Bank's Organization Certificate and Bylaws is attached hereto as Exhibit C and incorporated herein by reference.

292.     The stockholders then adopted the same measures.  The votes of the shares of the controlling shareholder, UNITE HERE, were cast by Counterclaim Defendant Raynor in favor of the proposed changes.  Most of the remaining shares, which are held

by UNITE HERE affiliates of lead by Counterclaim Defendants, were also cast in favor of the changes.

293.    The reason given for the adoption of these measures was to insulate the Bank from any possible changes in the leadership of the union.

294.    The bylaw changes adopted on December 8, 2009 entrenched the existing board of directors of the Bank and took away from the International Union the control that it had over the Bank before the measures were adopted.  Before those changes were adopted, the International Union had the power to nominate candidates for director and to vote for the candidates of its choice.  Also, because directors were elected annually, the leadership of the Union could quickly change the management of the bank if it felt that was necessary.

295.    The bylaw changes adopted by Counterclaim Defendants on December 8, 2009 reversed the situation in essentially three ways:

> a.    The new bylaws establish a nominating committee consisting of five existing bank directors (Counterclaim Defendants Bruce Raynor, Mark Fleischman, and Edgar Romney and Noel Beasley, along with John Wilhelm). The nominating committee:
>
> - is given "sole and exclusive responsibility for selecting candidates to be proposed for election to the Board at any annual meeting of stockholders."
>
> - is not chosen by the shareholders; instead, any vacancies on the committee are "filled by the Board."
>
> Thus, shareholders are deprived of any power to nominate candidates of their own. The incumbent directors now have total control over who will be on the board. The nominating committee, not the shareholders, determines who will be on the board, and the board, in turn, determines who will be on the nominating committee.

b.     The new bylaws replaced the existing requirement that all of the Bank's directors stand for election each year with a classified board of directors serving staggered three-year terms.   With the entire board being elected annually, the International Union could replace the entire board in one vote.  With the new staggered board, even though the International Union had the majority interest in the bank, it might take as long as three years to regain control of the board of directors.

c.     The new bylaws also included "super majority" requirements to change these entrenchment measures. Changes in the bank's Organization Certificate will now require approval by 75 percent of the outstanding shares in the bank. The same is true for any amendment to the bylaws. Therefore, even if a large majority of the shareholders realize that the entrenchment measures are bad for the bank and bad for the Union, it will be very difficult to get rid of them.

296.     Significantly, until Counterclaim Defendants passed these changes to the Certificate and the Bylaws, Amalgamated Bank had been known for its promotion of good corporate governance and frequently filed shareholder proposals inveighing against supermajorities and classified boards.  The contrast has drawn adverse public comment, for example, "Activist Credibility Gap", Pensions & Investments, March 9, 2009, attached hereto as Exhibit D and incorporated herein by reference.

297.     Raynor, as General President of UNITE HERE, and Counterclaim Defendants, as officers of UNITE HERE and its affiliates of which they were officers, acted contrary to their fiduciary responsibility to protect UNITE HERE's assets and the shares of UNITE and its affiliates in support of this self-serving change in the bank's bylaws.

298.     Raynor has admitted that these changes were made to protect his position from the political changes in the Union.  These changes are an attempt to perpetually ensconce Raynor and the other Counterclaim Defendants – his political allies – as

directors of the Bank, and thus secure for them the benefits attendant to those offices, even after they (1) cease to be officers of, or affiliated with UNITE HERE, or (2) become officers of or affiliated with another, antagonistic union.

299.    In addition to the foregoing, counterclaimants are informed and believe that Counterclaim Defendants took steps to impair UNITE HERE's control over the bank prior to December 8, 2008.  The basis for plaintiffs' information and belief may be summarized as follows:  As of the end of 2007, the International Union owned 57.41% of the Bank's shares. It purchased additional shares of the Bank's treasury stock in April 2008. The new stock was placed in its general fund, and the union then owned 58.98% of the stock. As of September, however, the stock in the general fund disappeared and a new, larger holding of the Bank's shares appeared in UNITE HERE Pooled Investments ("Pooled Investments"), so that as of September 3, 2008, Pooled Investments held slightly over 12% and the union held 48.91% outside of Pooled Investments.

300.    Raynor himself profited by more than $100,000 in the past year from his position as chairman of Amalgamated Bank, including fees, a chauffeur and sporting tickets.

301.    In or about January 2009, Raynor and other Counterclaim Defendants, in retaliation for reporting to the GEB and others the changes Counterclaim Defendants had made in the bank's governance, caused both UNITE HERE's President/Hospitality John Wilhelm and Vice President Matthew Walker to be removed from the Bank's board of directors.

302.    Raynor and Counterclaim Defendants Beasley, Bock, Fleischman, Fox, Gillis, Kerber and Romney also used their positions as a trustee of the UNITE HERE

Staff Retirement Fund and the UNITE HERE National Retirement Fund in an attempt to buy Amalgamated Bank stock despite the proclaimed lack of dividends for the coming year, and with the intention of further diluting the Union's voting power in the Bank.

### Counterclaim Defendants' Misappropriation of UNITE HERE's Pooled Investment Fund and Settlement Proceeds from the *Banyai* Class Action Settlement

303.    For several years, UNITE HERE maintained the UNITE HERE Pooled Investment Fund (the "Pooled Investment Fund").

304.    On information and belief, the Pooled Investment Fund was part of the UNITE HERE General Fund, but was accounted for separately.

305.    UNITE HERE International Union and of some of its affiliates – mostly the Plaintiffs in this action – contributed assets to the Fund for the purpose of investment.

306.    On information and belief, as of December 31, 2008, approximately 78% of UNITE HERE's investments were in the Pooled Investment Fund.

307.    At all relevant times, Raynor controlled the Pooled Investment Fund.

308.    As part of Plaintiffs' and Counterclaim Defendants' plan to strip UNITE HERE of its assets, Raynor announced to them in December 2008 that the Pooled Investment Fund would be transferred to a new organization that he and they would control even if they left UNITE HERE.

309.    In furtherance of this scheme to separate control of the Pooled Investment Fund from UNITE HERE, the law firm of Schulte Roth & Zabel created a document entitled "General Partnership Agreement of UNITE HERE Pooled Investment Fund" (the "Partnership Agreement").

310.    The Partnership Agreement is executed by Bruce Raynor, Edgar Romney, Harris Raynor and Christine Kerber as "Managing General Partners."

311.     The Partnership Agreement is dated January 1, 2009.

312.     Neither Bruce Raynor nor any other Counterclaim Defendant ever notified or consulted with Wilhelm, the UNITE HERE Executive Committee, or the UNITE HERE General Executive Board concerning these changes to the form of organization of the Pooled Investment Fund effected by the Partnership Agreement.

313.     Bruce Raynor, without consultation with or notice to Wilhelm, the UNITE HERE Executive Committee, or the UNITE HERE General Executive Board, contributed $22,309,961.53 of the UNITE HERE general fund, the UNITE HERE strike fund and "various affiliates assistance funds" to the Pooled Investment Fund general partnership.

314.     Schulte Roth & Zabel, LLP (by its partner, Ronald Richman), as escrow agent for funds to be paid to UNITE HERE under the settlement agreement approved by Judge Stein on March 27, 2007 in *Banyai v. Mazur*, 00 Civ 9806 (SHS) (*see* Order (Doc 177) and Opinion (Doc 176)), contributed $79,988,567.51 in such escrowed funds to the Pooled Investment Fund General Partnership.

315.      Schulte Roth & Zabel made this capital contribution without notice to or the approval of Judge Stein, of this Court, or of UNITE HERE.

316.     In addition, though having served as outside counsel for UNITE HERE and continuing to bill UNITE HERE for its services through at least February 5, 2009, Shulte, Roth & Zabel, and particularly Ronald Richman, has been primarily responsible for the legal work implementing Plaintiffs' and Counterclaim Defendants' campaign to wrest from UNITE HERE control of its assets, including by drafting documents such as the Partnership Agreement.

317.    Richman also refused to tell the accounting employees of UNITE HERE whether the Pooled Investment Fund is now in the form of a trust, general partnership, or other organization.

318.    These funds have now been placed under the control of the managing partners, all of whom have left UNITE HERE and become officers of rival unions Workers United and SEIU.

319.    The following Counterclaim Defendants signed the Partnership Agreement as "General Partners," and made capital contributions to the Pooled Investment Fund general partnership in the amounts shown:

| Person | Organization | Amount |
|---|---|---|
| David Melman | Pennsylvania Joint Board | $3,173,632.01 |
| Edgar Romney | New York Metropolitan Area Joint Board | 235,548.81 |
| Christina R. Vazquez | Western States Regional Joint Board | 90,989.35. |
| Christine Kerber | Metropolitan Distribution and Trucking Joint Board | 1,268,150.97 |
| Alexandra Dagg | Ontario Counsel | 388,294.88 |
| John Gillis | New York Joint Board | 188,730.36 |
| Harold Bock | Mid-Atlantic Regional Joint Board | 1,313,976.19 |
| Harris Raynor | Southern Regional Joint Board | 1,097,399.30. |

320.    Although the general partnership agreement is dated January 1, 2009, the assets in the Pooled Investment Fund were not actually moved into the account of the general partnership at Amalgamated Bank of New York until on or about May 20, 2009, after all the managing partners except Bruce Raynor had resigned from UNITE HERE and their organizations had purported seceded from it, and nine days before Raynor's official resignation as General President.

321.    The mechanics of moving these assets from UNITE HERE's account to the general partnership's account at Amalgamated Bank was coordinated between Randy Farber, who, at the time, was still the Chief Financial Officer of UNITE HERE (she did not resign until May 29, 2009) and Keith Mestrich, the chief of staff of Workers United, who had resigned from a top administrative position at UNITE HERE in March 2009.

322.    Also on or about May 20, 2009, the managing partners of the Pooled Investment Fund general partnership resolved to engage Edgar Romney to maintain the books and records of the fund, notwithstanding that, at this time, Romney was the president of rival union "Workers United."

323.    The removal of assets from the UNITE HERE account and the placement of these assets in the custodial account of the general partnership controlled by former officers of UNITE HERE, now officers of Workers United, was accomplished without notice to or the approval of:

    a.    This Court, which had previously directed Counterclaim Defendants that "[t]here should be no extraordinary transfer or use of assets without prior application, notice and application, notice to both the Court and the other side and application and approval by this Court." April 7, 2009 Hearing Transcript 76:15-18.; and

    b.    Wilhelm, the UNITE HERE Executive Committee, or the UNITE HERE General Executive Board.

It was, quite simply, theft of over $100,000,000 in union assets.

324.    Some time after the secession of the Joint Boards and Local 169 and the formation of "Workers United," the address of the Pooled Investment Fund was changed from 275 Seventh Avenue in New York to 31 West 15th Street, New York, the location of the "Workers United" offices.

325.    All these actions were taken by Raynor and the other Counterclaim

Defendants for the purpose of depriving UNITE HERE International Union of the control, use, and benefit of its assets, and misappropriating those assets to the control, use, and benefit of themselves and rival Unions Workers United and SEIU.

326.    By these actions, Raynor and the other aforementioned Counterclaim Defendants violated the UNITE HERE Constitution.

327.    By these actions, Raynor and the other aforementioned Counterclaim Defendants violated 29 U.S.C. § 501(a).

### 275 Seventh Avenue

328.    Another significant asset of UNITE HERE is UNITE HERE's headquarters building at 275 Seventh Avenue in New York City ("275"). While 275 had initially belonged to the ILGWU, it became the property of UNITE upon the merger of ILGWU and ACTWU and similarly became the property of UNITE HERE upon the merger of UNITE and HEREIU.

329.    "275" is worth at least $75,000,000.

330.    It is owned, directly and indirectly, by two corporations: 275 Seventh Avenue LLC and 275 Seventh Avenue Building LLC (the "275 Entities").

331.    On December 5, 2008, Counterclaim Defendant Raynor filed "Restated Articles of Incorporation" with the New York Secretary of State for 275 Seventh Avenue LLC.

332.    The Restated Articles change the management of the corporations by taking management away from the union and vesting it in a board of managers whose terms are staggered.

333.     Counterclaim Defendant Raynor apparently made these changes on his own: neither the GEB nor President Wilhelm, who is one of the directors of the corporation, were advised of the Restated Articles or the changes they effected before their filing.

334.     On or about January 16, 2009, John Wilhelm, as President/Hospitality Industry wrote to the General Counsel of UNITE HERE seeking documents governing or controlling 275, including any amendments since the 2004 Union merger.

335.     President Wilhelm received no response to this request.

336.     In February 2009 the GEB formally directed that Counterclaim Defendant Raynor provide all documents regarding the governance and ownership of the building at 275 Seventh Avenue by February 19, 2009.

337.     Counterclaim Defendant Raynor did not comply with this directive or provide any documents responsive to it.

338.     The changes effected by the Restated Articles directly violate the Union Constitution, which requires that the GEB both (a) retain control of and (b) appoint the directors of any corporation that owns 275.  Art. 21, Sec. 4(b).

**Other UNITE HERE Assets and Funds**

339.     In addition, while all Counterclaim Defendants remained officers, employees, and agents of UNITE HERE, and later (through at least May 29, 2009), as certain Counterclaim Defendants fostered secessions from UNITE HERE and began working for rival unions Workers United and SEIU, while other Counterclaim Defendants remained at UNITE HERE and worked from within to undermine UNITE HERE and support their departed confederates, Counterclaim Defendants systematically

looted UNITE HERE of assets, of funds, of employer contracts, and of the loyal services

of themselves, of members of UNITE HERE's staff, and of UNITE HERE attorneys.

340.    Counterclaim Defendants, including, without limitation, Bruce Raynor,

Edgar Romney, Mark Fleishman, Keith Mestrich, and Randy Farber, by various means

and machinations, including some similar to those employed with respect to the Bank and

275 Seventh Avenue, have attempted in brazen violation of the UNITE HERE

Constitution and of their fiduciary duties to UNITE HERE to wrest from UNITE HERE,

and into their own hands and those of rival unions Workers United and SEIU, control and

ownership of UNITE HERE assets including, without limitation, the following:

- Each of UNITE HERE's "Key Assets" referenced in paragraphs 284 and 285 above

- Millions of dollars from UNITE HERE's Affiliate Assistance Fund

- Buildings, offices, and other real property currently in the possession and control of Plaintiffs

- Books and records (including, without limitation, electronic and computer files) of UNITE HERE and of seceding Joint Boards)

- The loyal services of Bruce Raynor and his International Union staff, including, without limitation, Counterclaim Defendants Mark Fleischman UNITE HERE Executive Vice President), Randi Farber (CFO), Brent Garren (General Counsel), Amanda Cooper (Communications Director), and other senior staff, all of whom were for several months using UNITE HERE's own offices, equipment, books and records, and other assets to loot it, impair its operations, and support the efforts of rival unions Workers United and SEIU, all while remaining employed by and continuing to draw salaries and other compensation from UNITE HERE

- The loyal services certain of UNITE HERE's outside attorneys and other professionals, including, without limitation, Schulte Roth & Zabel and Ronald Richman

- On information and belief, other, yet undiscovered assets and funds of UNITE HERE and its present or former affiliates.

341.    In addition, while he remained General President of UNITE HERE, Bruce

Raynor, in violation of the UNITE HERE Constitution and his fiduciary obligations to

UNITE HERE, deliberately diverted several major, existing UNITE HERE contracts with

employers from UNITE HERE and to rival unions, including Plaintiff Joint Boards and

Locals which had purported to disaffiliate from UNITE HERE.

342.    Solely by way of example, in a letter dated March 16, 2009 – a week *after*

the Plaintiff Joint Boards and Locals "disaffiliated" from UNITE HERE – Bruce Raynor

"as General President of UNITE HERE" and using UNITE HERE letterhead, wrote Bill

Evans, Chief Operating Officer of employer Ameripride Services, Inc., as follows:

> I, as General President of UNITE HERE, confirm that, as required by law,
> Ameripride must continue to recognize the Joint Boards and Locals which
> represent Ameripride employees at its various locations.  These organizations
> remain unchanged, and they provide continuity of representation.  Therefore, the
> NLRA requires that you continue to recognize the Joint Boards/Locals, deal only
> with their duly appointed representatives for bargaining and administering
> collective bargaining agreements and remit dues to them as you have in the past.
> UNITE HERE hereby waives any claim against Ameripride for continuing to
> recognize and deal with the Joint Boards/Locals.

A copy of this letter is attached hereto as Exhibit E.

**D.    Counterclaim Defendants' Secession from UNITE HERE and Use of Unite
Here Funds and Assets to Do So**

343.    The Joint Board Plaintiffs have held themselves out as "intermediate"

labor organizations within the meaning of § 101(a)(3)(B), 29 U.S.C. § 411(d) (a)(3)(B),

and § 401(d), 29 U.S.C. § 481(d), of the Labor-Management Reporting and Disclosure

Act of 1959.

344.    Relying on these provisions, the Joint Boards have (i) set dues for

affiliated local unions by a vote of Joint Board "delegates" instead of by direct

membership vote; and (ii) elected the Joint Board officers, including the individual

Manager Plaintiffs, by votes of *delegates* rather than of their *members*.

345.    From or before late 2008 through mid-March 2009, in violation of the Constitution and of Section 501(a), Plaintiffs organized, scheduled and conducted votes of their *delegates* to disaffiliate from UNITE HERE, to form a rival, antagonistic labor union known as "Workers United," and to thereafter affiliate with another rival, antagonistic labor organization, the Service Employees International Union ("SEIU"), which has openly stated its desire and intent to (i) acquire UNITE HERE Joint Boards and Locals if they secede in "dynamiting" their way out of UNITE HERE, and (ii) compete against UNITE HERE in the representation of hotel workers.

346.    The UNITE HERE General Executive Board has passed resolutions finding Counterclaim Defendants' secession to be unconstitutional.

347.    By their actions, Counterclaim Defendants have violated the Constitution's prohibitions against secession and will continue to do so unless restrained by this Court.

348.    In further violation of the UNITE HERE Constitution (*see, e.g*., Art. 7, Sec. 4(b), Art. 21, Sec. 7 and Art. 21, Sec. 2(b)) and Section 501(a), Counterclaim Defendants have been using and expending funds and assets of UNITE HERE and its present and former affiliates to foster and effect Plaintiffs' disaffiliation and secession from UNITE HERE.

349.    For example, without limitation, by bringing and financing this lawsuit with assets and funds of UNITE HERE and its present and former affiliates, including Plaintiffs, Plaintiffs are violating the UNITE HERE Constitution.  Among other things, the relief Plaintiffs seek is a declaration that they are entitled to disaffiliate from UNITE

HERE and to enjoin Defendants-Counterclaimants from interfering in any way with that disaffiliation.

350.    Further, this lawsuit directly implements elements of Counterclaim Defendants' pre-planned strategy:

- A centerpiece of the First Amended Complaint ("FAC") – Plaintiffs' allegation that "a schism of UNITE HERE" overrode the Constitution's bar against Plaintiffs' seceding from UNITE HERE to reform UNITE (*id.* ¶¶ 75(A), 75(C), 163 (p. 43) – implements Counterclaim Defendants' earlier, predetermined "schism strategy to take IU resources." Exh. B, p. 1.

- Significantly, in a memo dated January 9, 2009 – almost two weeks before this case was filed – Counterclaim Defendant Ira Jay Katz (UNITE HERE's Senior Associate General Counsel) wrote to Brent Garren (UNITE HERE's General Counsel) acknowledging "[t]he Constitution's Article 21, § 2 provides that the affiliate's property ultimately belongs to the IU" and that "[t]he schism argument is destined for history's dustbin."

- Counterclaim Defendants' determination nevertheless to assert the "schism" argument is consistent with their hope not on victory in Court, but rather that they could "tie... up" UNITE HERE's assets "in such a way that they will not be able to get at them for a long time, and that "[f]aced with the prospect of a rival union and no money" UNITE HERE would "settle" or "negotiate an orderly break up." Exh. B.

- Similarly, Exhibit B reflects that the alleged "Attack[s]" on the Western States Joint Board by local 631 in Phoenix (FAC ¶¶ 124-131) and on the Midwest Joint Board by Local 24 in Detroit (FAC ¶¶ 132-138) were, in fact, deliberately provoked responses to Counterclaim Defendants' strategy to "run ground fights in key areas to keep HERE busy (Phoenix, Detroit...)."

351.    The funds and other property used by the Affiliates in this action and in their other secession activities belong to UNITE HERE pursuant to Art. 21, Sec. 2(a) of the UNITE HERE Constitution.

**E.      Payment of UNITE HERE Funds to The Organizing Group, Inc. For "Strategic and Expert Advice" As To How To Undermine UNITE HERE**

352.     On February 13, 2009, Raynor executed an agreement with The Organizing Group, Inc., and UNITE HERE, a copy of which is attached hereto as Exhibit F and incorporated herein by reference.

353.     The agreement was not shown to, authorized by or executed by the Union's co-fiduciary, John Wilhelm. The UNITE HERE Constitution requires that all contracts for consulting services be authorized jointly by the General President and the President/Hospitality Division of the Union.

354.     Raynor also unilaterally caused $457,981.18 to be paid to The Organizing Group under this contract without the knowledge, approval, or authorization of President Wilhelm, thereby further violating the requirements of the UNITE HERE Constitution that any expenditures of UNITE HERE's funds be authorized by both presidents as co-fiduciaries.  True and correct copies of the organizing group invoices initialed for payment by Raynor alone are attached hereto as Exhibit G and incorporated by reference.

355.     The purpose of The Organizing Group contract was to implement the campaign component in the strategic map to "Move program of direct mail, robo call, etc. to members" and the component in the Detailed Agenda to "Run positive message through UNITE HERE for Change Campaign…."

356.     The Organizing Group placed hundreds of thousands and perhaps millions of "robo calls" to members of UNITE HERE.

357.     A typical robo call, this one to members of UNITE HERE in Orange County, California, stated:

Hi, I'm calling on behalf of your Union with an important question about your job. Times are tough, our members are facing layoffs, benefit cuts, and expired contracts.  Our dues must stop increasing every year, and our Union needs to grow stronger.  Would you support our Union joining with another Union that represents workers in similar jobs to ours? A Union known for negotiating strong contracts, fighting for tough worker protections, and working with other Unions to support President Obama's agenda for jobs and healthcare?  If yes, press 1.  If you would prefer to keep the Union the way it is now, press 2.  If you would like more information, press 3.

358.    The Organizing Group also prepared and mailed a series of brochures. True and correct copies of these brochures are attached hereto as Exhibits H through M and incorporated herein by reference. These brochures purported to be from UNITE HERE for Change, the campaign name selected for this effort described in the detailed agenda.

359.    Through the payments to the organizing group, Raynor caused nearly half a million dollars of UNITE HERE's own money to be used as part of his effort to tear UNITE HERE apart.

**G.    Counterclaim Defendants' Violations of Their Disclosure Obligations and Spoliation of Evidence**

360.    Far from honoring their duties under the Constitution to provide UNITE HERE's members with "full disclosure concerning use and investment of all Union funds" (Art. 23, Sec. 2(a)), and, in Bruce Raynor's case, his fiduciary duty as UNITE HERE's General President to "report periodically to the GEB on his... activities and on the financial transactions of UNITE HERE" (Art. 3, Sec. 3(b)(vi)(11)), Counterclaim Defendants went to great lengths to keep the GEB and the membership *uninformed* about their transactions concerning the funds and assets of UNITE HERE and its present and former affiliates.

361.    Among other things, Counterclaim Defendants engaged in the following acts of concealment and spoliation of evidence:

      a.    In April 2009, changed the locks on the door to the server room and UNITE HERE's headquarters at 275 Seventh Avenue and refused to permit UNITE HERE's Director Information Technology and his staff access to any of the union's electronic data and operating systems.

      b.    At the same time, changed all the passwords necessary to get access to those systems and data.

      c.    Used Defense Department Grade software to scrub clean the hard drives on UNITE HERE computers of UNITE HERE Officers and Employees – including, without limitation, those of UNITE HERE CFO Randy Farber and Keith Mestrich, who was Special Assistant to General President Bruce Raynor – before they resigned from UNITE HERE to join rival union Workers United.

362.    Any and all interest of the UNITE HERE affiliates or former affiliates in the Bank, the Pooled Investment Fund, 275 and the 275 Entities, the other assets and funds referenced in paragraphs 303 through 338, *supra*, misappropriated books, records, documents, and information and in funds Counterclaim Defendants are expending in their attempts to disaffiliate from UNITE HERE, secede from UNITE HERE, work for rival unions, and cover their tracks also belong to UNITE HERE pursuant to Article 21 of the UNITE HERE Constitution.

363.    Counterclaim Defendants' actions are ongoing and causing UNITE HERE irreparable harm.

364.    UNITE HERE and counterclaimants have no adequate remedy at law.

**UNITE HERE'S COUNTERCLAIMS AGAINST ALL
COUNTERCLAIM DEFENDANTS UNDER LMRA § 501(a)**

365.    UNITE HERE International Union ("UNITE HERE") brings these

Counterclaims pursuant to its implied right of action under § 501(a) of the Labor-

Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 501(a) (*see*

*International Union of Operating Engineers, Local 150 v. Ward*, 563 F.3d 276 (7th Cir.

2009), and *International Union of Electronic, etc. v. Statham*, 97 F.3d 1416

(11th Cir. 1996)) to remedy and prevent certain other current and former officers and

agents of UNITE HERE from violating their fiduciary duties to UNITE HERE, the

UNITE HERE Constitution, and 29 U.S.C. 501(a) by: 1) converting and secreting money,

property and assets of UNITE HERE to which they are not entitled; 2) failing to hold the

money and property of UNITE HERE solely for the benefit of UNITE HERE and its

members; 3) failing to manage, invest, and expend the money and property of UNITE

HERE in accordance with the UNITE HERE's Constitution and bylaws and with

resolutions of its General Executive Board; 4) dealing with UNITE HERE as an adverse

party and on behalf of an adverse parties in matters connected to the Individual

Counterclaim Defendants' duties; and 5) holding and acquiring a pecuniary and personal

interest which conflicts with the interests of UNITE HERE.

366.    The Individual Counterclaim Defendants have violated 29 U.S.C. § 501(a)

in at least the following ways:

> a.    By failing to "hold" UNITE HERE's funds and property,
> including, without limitation, the Bank, 275, and the corporations
> through which UNITE HERE owns 275 "solely for the benefit of"
> UNITE HERE;

b.  By instead securing control of that property for the benefit of themselves, of seceding organizations, and of one or more other parties adverse to UNITE HERE;

c.  By failing to "manage" UNITE HERE's funds and property, including, without limitation, the Bank, 275, and the corporations through which UNITE HERE owns 275 "in accordance with [UNITE HERE's] constitution and bylaws... and resolutions of the governing bodies adopted thereunder";

d.  By failing to "refrain from dealing with" UNITE HERE "as an adverse party... in... matter[s] connected with [the Individual Counterclaim Defendants'] duties";

e.  By failing to "refrain from dealing with" UNITE HERE "in behalf of an adverse party in...matter[s] connected with [the Individual Counterclaim Defendants'] duties;

f.  By "holding [and] acquiring... pecuniary and personal interest[s] which conflict[] with the interests of" UNITE HERE.

g.  By failing and refusing despite repeated requests "to account to the organization for any profit received by [them] in whatever capacity in connection with transactions conducted by [them] or under [their] direction on behalf of" UNITE HERE.

367.  Each of the Individual Counterclaim Defendants committed some or all of the actions complained of in this Counterclaim while they were officers, agents, or other representatives of UNITE HERE and of Plaintiffs, affiliates of UNITE HERE.

368.  Under the UNITE HERE Constitution, if Plaintiffs cease being affiliates of UNITE HERE for any reason, all property they hold, including, without limitation, books and records, reverts and must be returned to the International Union.

369.  Under the Constitution, as present and former officers and employees of UNITE HERE, and in possession or control of assets and funds of UNITE HERE and its present or former affiliates, the Individual Counterclaim Defendants were obligated to return all such funds and assets, including, without limitation, books and records, to the International Union.

370.    If the charters of the Plaintiff Joint Boards and Local are revoked or become invalid because of their attempted secession, or because they themselves have terminated their status as UNITE HERE affiliates, the interests of the members of the local unions now affiliated with the Joint Boards are not affected adversely.  The Joint Boards do not have any members.  The members belong to the local unions that have been affiliated with the Joint Boards.  These members have not voted in a National Labor Relations Board election to decertify their UNITE HERE local unions as their representatives.  When Joint Boards cease to hold a valid UNITE HERE charter (whether because the charter has been revoked, surrendered or otherwise terminated), the local unions continue to exist and are affiliated directly with the International Union.  All existing employment rights of the members remain intact, as well.

## COUNT ONE
### (UNITE HERE's Claim Against The Individual Counterclaim Defendants for §501(a) Violations Concerning the Amalgamated Bank)

371.    Counterclaimant UNITE HERE repeats and realleges the allegations of paragraphs 257 through 370 above.

372.    UNITE HERE is entitled to relief under 29 U.S.C. § 501(a) against each and all of the Individual Counterclaim Defendants for their violations of 29 U.S.C. § 501(a) concerning the Amalgamated Bank.

## COUNT TWO
### (UNITE HERE's Claim Against the Individual Counterclaim Defendants for §501(a) Violations Concerning the Pooled Investment Fund)

373.    Counterclaimant UNITE HERE repeats and realleges the allegations of paragraphs 267 through 342 above.

374.    UNITE HERE is entitled to relief under 29 U.S.C. § 501(a) against each and all of the Individual Counterclaim Defendants for their violations of 29 U.S.C. § 501(a) concerning the Pooled Investment Fund.

## COUNT THREE
### (UNITE HERE's Claim Against the Individual Counterclaim Defendants for §501(a) Violations Concerning 275 Seventh Avenue)

375.    Counterclaimant UNITE HERE repeats and realleges the allegations of paragraphs 257 through 374 above.

376.    UNITE HERE is entitled to relief under 29 U.S.C. § 501(a) against each and all of the Individual Counterclaim Defendants for their violations of 29 U.S.C. § 501(a) concerning 275 Seventh Avenue and the two corporations which own it.

## COUNT FOUR
### (UNITE HERE's Claim Against the Individual Counterclaim Defendants for §501(a) Violations Concerning Their Use of UNITE HERE Assets For Secession)

377.    Counterclaimant UNITE HERE repeats and realleges the allegations of paragraphs 257 through 376 above.

378.    UNITE HERE is entitled to relief under 29 U.S.C. § 501(a) against each and all of the Individual Counterclaim Defendants for their violations of 29 U.S.C. § 501(a) concerning their conversion, misappropriation, taking, expenditure, transfer, use, destruction, encumbrance, or other disposition, waste, or diminution of UNITE HERE assets and funds in connection with their attempted secession from UNITE HERE.

## COUNT FIVE
### (UNITE HERE's Claim Against the Individual Counterclaim Defendants for §501(a) Violations Concerning the Other UNITE HERE Assets and Funds)

379.    Counterclaimant UNITE HERE repeats and realleges the allegations of paragraphs 257 through 378 above.

380.     UNITE HERE is entitled to relief under 29 U.S.C. § 501(a) against each and all of the Individual Counterclaim Defendants for their conversion, misappropriation, taking, use, transfer, expenditure, dissipation, destruction, encumbrance, and other disposition, waste, or diminution of other funds, property (real, personal, tangible, and intangible), books and records (hard copy and electronic), and other assets of UNITE HERE and its present and former affiliates in violation of 29 U.S.C. § 501(a) (*see* ¶¶ 339-342).

## COUNT SIX
### (UNITE HERE's Claim Against the Individual Counterclaim Defendants for §501(a) Violations Concerning the Contract with The Organizing Group)

381.     Counterclaimant UNITE HERE repeats and realleges the allegations of paragraphs 257 through 380 above.

382.     UNITE HERE is entitled to relief under 29 U.S.C. § 501(a) against each and all of the Individual Counterclaim Defendants for their violations of 29 U.S.C. § 501(a) concerning their conversion, misappropriation, and use of UNITE HERE funds in connection with the contract with The Organizing Group.

WHEREFORE, counterclaimants pray that this Court give the following relief:

A. Enjoin each and all Individual Counterclaim Defendants, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any or all of the foregoing (including, without limitation, Workers United, SEIU, the Bank, 275 and the 275 Entities, the NRF, the NHF, ALICO, the staff fund and their respective officers, directors, partners, general partners, managing general partners, members, trustees, managers, administrators, employees, and agents), preliminarily and permanently, from

expending, transferring, using, encumbering, wasting, dissipating, or otherwise disposing of or diminishing (i) any funds, property (real, personal, tangible, intangible), books and records (hard copy or electronic), and other assets of UNITE HERE or any of its present or former affiliates, and (ii) any right, title, or interest one or more Counterclaim Defendants or those in active concert or participation with them may claim in such funds and other assets.

B.  Order an accounting by each and all Individual Counterclaim Defendants for any right, title, or interest had or claimed by (i) UNITE HERE, (ii) one or more of its present or former affiliates, (iii) one or more Counterclaim Defendants, their officers, agents, servants, employees, and attorneys, or other persons who are in active concert or participation with any or all of them (including, without limitation, Workers United, SEIU, the Bank, 275 and the 275 Entities, the NRF, the NHF, ALICO, the staff fund and their respective officers, directors, partners, general partners, managing general partners, members, trustees, managers, administrators, employees, and agents) in: (a) the Bank, (b) in 275; (c) in any entity that owns or ever owned an interest in 275; (d) in any funds or assets of UNITE HERE or any of its present or former affiliates converted or used by Counterclaim Defendants in connection with their secession from UNITE HERE or their contract with The Organizing Group; and (f) in any other funds, property (real, personal, tangible, intangible), books and records (hard copy or electronic), and other assets of UNITE HERE or any of its present or former affiliates (*see* ¶¶ 339-342).

C. Declare that all right, title, and interest claimed by each and all Individual Counterclaim Defendants, their officers, agents, servants, employees, and attorneys, or other persons who are in active concert or participation with any or all of the foregoing (including, without limitation, Workers United, SEIU, the Bank, 275 and the 275 Entities, the NRF, the NHF, ALICO, the staff fund and their respective officers, directors, partners, general partners, managing general partners, members, trustees, managers, administrators, employees, and agents) in any funds, property (real, personal, tangible, intangible), books and records (hard copy or electronic), and other assets of UNITE HERE or any of its present or former affiliates taken, converted, misappropriated, transferred, or otherwise disposed of in violation of  29 U.S.C. § 501(a) is held in constructive trust for the benefit of UNITE HERE.

D. Declare that any and all expenditures, transfers, encumbrances, and other dispositions by or on behalf of each and all Individual Counterclaim Defendants, their officers, agents, servants, employees, and attorneys, or other persons who are in active concert or participation with any or all of the foregoing (including, without limitation, Workers United, SEIU, the Bank, 275 and the 275 Entities, the NRF, the NHF, ALICO, the staff fund and their respective officers, directors, partners, general partners, managing general partners, members, trustees, managers, administrators, employees, and agents) of any funds, property (real, personal, tangible, intangible), books and records (hard copy or electronic), or other assets of UNITE HERE or any of its present or

former affiliates, in violation of 29 U.S.C. § 501(a) are and were null and void *ab initio*.

E.  Award to UNITE HERE and against each and all Individual Counterclaim Defendants restitution for the value of all funds, property (real, personal, tangible, intangible), books and records (hard copy or electronic), and other assets of UNITE HERE or any of its present or former affiliates, taken, used, converted, misappropriated, dissipated,  transferred, destroyed, encumbered, or otherwise disposed of, wasted, or diminished by each and all Counterclaim Defendants, at their direction of, or with their active participation, in violation of 29 U.S.C. § 501(a), whether before or after the putative "disaffiliation" of the present or former UNITE HERE affiliates of which they were officers or representatives.

F.  Order each Individual Counterclaim Defendant to disgorge to UNITE HERE all salary, benefits, payments, profits, and other compensation of any kind or nature, which, from and after the time he/she first participated in the alleged misconduct, he/she received from (i) UNITE HERE, (ii) any current or former affiliate of UNITE HERE, or (iii) any corporation, union, or other entity in which he/she has held a paid position by virtue of his/her position at UNITE HERE or any of its current or former affiliates.

G.  Award to UNITE HERE International Union and against each and all Individual Counterclaim Defendants compensatory damages for all losses it has suffered as a result of these Counterclaim Defendants' violations of 29 U.S.C. § 501(a).

H. Award UNITE HERE punitive damages.

I. Award UNITE HERE and Counterclaimants all reasonable attorneys' fees, expenses and costs of action incurred in defending against plaintiffs' claims and in bringing and prosecuting their counterclaims.

J. Award UNITE HERE and Counterclaimants such other and further relief as the Court may deem just.

**COUNTERCLAIMS BY ALL COUNTERCLAIMANTS AGAINST THE
INDIVIDUAL COUNTERCLAIM DEFENDANTS UNDER LMRA § 301(A)**

383.    Counterclaimants repeat and reallege the allegations of paragraphs 257
through 382 above.

384.    These counterclaims are brought by all Counterclaimants, including
nominal defendant, UNITE HERE, against the Individual Counterclaim Defendants
under Section 301(a) of the Labor Management Relations Act, 1947, 29 U.S.C. § 185(a).

385.    They are founded on the UNITE HERE Constitution, and are based solely
upon the individual conduct of these Counterclaim Defendants, and do not seek to impose
individual liability upon them for the conduct of their respective unions.

**COUNT ONE
(Counterclaimants' Claim Against Plaintiffs
for §301(a) Violations Concerning the Amalgamated Bank)**

386.    Counterclaimants repeat and reallege the allegations of paragraphs 257
through 385 above.

387.    Counterclaimants are entitled to relief under LRMA § 301, 29 U.S.C. §
185(a) against each and all of the Individual Counterclaim Defendants for their violations
of 29 U.S.C. § 185(a) concerning the Amalgamated Bank.

**COUNT TWO
(Counterclaimants' Claim Against Plaintiffs
for §301(a) Violations Concerning the Pooled Investment Fund)**

388.    Counterclaimants repeat and reallege the allegations of paragraphs 257
through 387 above.

389.    Counterclaimants are entitled to relief under LRMA § 301, 29 U.S.C. §
185(a) against each and all of the Individual Counterclaim Defendants for their violations
of 29 U.S.C. § 185(a) concerning the Pooled Investment Fund.

**COUNT THREE**
**(Counterclaimants' Claim Against the Plaintiffs**
**for §301(a) Violations Concerning 275 Seventh Avenue)**

390.    Counterclaimants repeat and reallege the allegations of paragraphs 257 through 389 above.

391.    Counterclaimants are entitled to relief under LRMA § 301, 29 U.S.C. § 185(a) against each and all of the Individual Counterclaim Defendants for their violations of 29 U.S.C. § 185(a) concerning 275 Seventh Avenue and the two corporations which own it.

**COUNT FOUR**
**(Counterclaimants' Claim Against Plaintiffs for**
**§301(a) Violations Concerning Their Use of UNITE HERE Assets For Secession)**

392.    Counterclaimants repeat and reallege the allegations of paragraphs 257 through 391 above.

393.    Counterclaimants are entitled to relief under LRMA § 301, 29 U.S.C. § 185(a) against each and all of the Individual Counterclaim Defendants for their violations of 29 U.S.C. § 185(a) concerning their conversion, misappropriation, taking, expenditure, transfer, use, destruction, encumbrance, or other disposition, waste, or diminution of UNITE HERE assets and funds in connection with their attempted secession from UNITE HERE.

**COUNT FIVE**
**(Counterclaimants' Claim Against Plaintiffs for §301(a) Violations**
**Concerning the Other UNITE HERE Assets and Funds)**

394.    Counterclaimants repeat and reallege the allegations of paragraphs 257 through 393 above.

395.    Counterclaimants are entitled to relief under LRMA § 301, 29 U.S.C. § 185(a) against each and all of the Individual Counterclaim Defendants for their

conversion, misappropriation, taking, use, transfer, expenditure, dissipation, destruction,

encumbrance, and other disposition, waste, or diminution of other funds, property (real,

personal, tangible, and intangible), books and records (hard copy and electronic), and

other assets of UNITE HERE and its present and former affiliates in violation of 29

U.S.C. § 185(a) (*see* ¶¶ 339-342).

## COUNT SIX
### (Counterclaimants' Claim Against Plaintiffs for §301(a) Violations Concerning the Contract with The Organizing Group)

396.    Counterclaimants repeat and reallege the allegations of paragraphs 257

through 395 above.

397.    Counterclaimants are entitled to relief under LRMA § 301, 29 U.S.C. §

185(a) against each and all of the Individual Counterclaim Defendants for their violations

of 29 U.S.C. § 185(a) concerning their conversion, misappropriation, and use of UNITE

HERE funds in connection with the contract with The Organizing Group.

WHEREFORE, Counterclaimants pray that this Court enforce the UNITE HERE

Constitution by giving the following relief:

A. Enjoin each and all Individual Counterclaim Defendants, their officers,

agents, servants, employees, and attorneys, and other persons who are in active

concert or participation with any or all of the foregoing (including, without

limitation, Workers United, SEIU, the Bank, 275 and the 275 Entities, the NRF,

the NHF, ALICO, the staff fund and their respective officers, directors,

partners, general partners, managing general partners, members, trustees,

managers, administrators, employees, and agents), preliminarily and

permanently, from expending, transferring, using, encumbering, wasting,

dissipating, or otherwise disposing of or diminishing (i) any funds, property

(real, personal, tangible, intangible), books and records (hard copy or electronic), and other assets of UNITE HERE or any of its present or former affiliates, and (ii) any right, title, or interest one or more Counterclaim Defendants or those in active concert or participation with them may claim in such funds and other assets.

B.   Order an accounting by each and all Individual Counterclaim Defendants for any right, title, or interest had or claimed by (i) UNITE HERE, (ii) one or more of its present or former affiliates, (iii) one or more Counterclaim Defendants, their officers, agents, servants, employees, and attorneys, or other persons who are in active concert or participation with any or all of them (including, without limitation, Workers United, SEIU, the Bank, 275 and the 275 Entities, the NRF, the NHF, ALICO, the staff fund and their respective officers, directors, partners, general partners, managing general partners, members, trustees, managers, administrators, employees, and agents): (a) in the Bank, (b) in 275; (c) in any entity that owns or ever owned an interest in 275; (d) in any funds or assets of UNITE HERE or any of its present or former affiliates, converted or used by Counterclaim Defendants in connection with their secession from UNITE HERE or their contract with The Organizing Group; and (f) in any other funds, property (real, personal, tangible, intangible), books and records (hard copy or electronic), and other assets of UNITE HERE or any of its present or former affiliates (*see* ¶¶ 339-342).

C.   Declare that all right, title, and interest claimed by each and all Individual Counterclaim Defendants, their officers, agents, servants, employees, and

attorneys, or other persons who are in active concert or participation with any or all of the foregoing (including, without limitation, Workers United, SEIU, the Bank, 275 and the 275 Entities, the NRF, the NHF, ALICO, the staff fund and their respective officers, directors, partners, general partners, managing general partners, members, trustees, managers, administrators, employees, and agents) in any funds, property (real, personal, tangible, intangible), books and records (hard copy or electronic), and other assets of UNITE HERE or any of its present or former affiliates taken, converted, misappropriated, transferred, or otherwise disposed of in violation of the UNITE HERE Constitution is held in constructive trust for the benefit of UNITE HERE.

D.  Declare that any and all expenditures, transfers, encumbrances, and other dispositions by or on behalf of each and all Individual Counterclaim Defendants, their officers, agents, servants, employees, and attorneys, or other persons who are in active concert or participation with any or all of the foregoing (including, without limitation, Workers United, SEIU, the Bank, 275 and the 275 Entities, the NRF, the NHF, ALICO, the staff fund and their respective officers, directors, partners, general partners, managing general partners, members, trustees, managers, administrators, employees, and agents) of any funds, property (real, personal, tangible, intangible), books and records (hard copy or electronic), or other assets of UNITE HERE or any of its present or former affiliates, in violation of the UNITE HERE Constitution are and were null and void *ab initio*.

E.  Award to UNITE HERE and against each and all Individual Counterclaim

Defendants restitution for the value of all funds, property (real, personal,

tangible, intangible), books and records (hard copy or electronic), and other assets

of UNITE HERE or any of its present or former affiliates, taken, used, converted,

misappropriated, dissipated,  transferred, destroyed, encumbered, or otherwise

disposed of, wasted, or diminished by them, at their direction of, or with their

active participation, in contravention of the UNITE HERE Constitution,

whether before or after the putative "disaffiliation" of the present or former

UNITE HERE affiliates of which they were officers or representatives.

F.  Order each Individual Counterclaim Defendant to disgorge to UNITE HERE

all salary, benefits, payments, profits, and other compensation of any kind or

nature, which, from and after the time he/she first participated in the alleged

misconduct, he/she received from (i) UNITE HERE, (ii) any current or former

affiliate of UNITE HERE, or (iii) any corporation, union, or other entity in

which he/she has held a paid position by virtue of his/her position at UNITE

HERE or any of its current or former affiliates.

G.  Award to UNITE HERE International Union and against each and all

Individual Counterclaim Defendants compensatory damages for all losses it

has suffered as a result of these Counterclaim Defendants' violations of the

UNITE HERE Constitution.

H.  Award UNITE HERE punitive damages.

I.  Award Counterclaimants all reasonable attorneys' fees, expenses and costs of

action incurred in defending against plaintiffs' claims and in bringing and

prosecuting their counterclaims.

J.   Award UNITE HERE such other and further relief as the Court may deem just.

## COUNTERCLAIMS BY ALL COUNTERCLAIMANTS AGAINST PLAINTIFFS UNDER LRMA § 301, 29 U.S.C. § 185(a)

398.   These counterclaims are brought by all Counterclaimants against each and all of the Plaintiffs under Section 301(a), 29 U.S.C. § 185(a) of the Labor Management Relations Act, 1947, 29 U.S.C. § 185(a).

399.   They are founded on the UNITE HERE Constitution.

## COUNT ONE
### (Counterclaimants' Claim Against Plaintiffs for §301(a) Violations Concerning the Amalgamated Bank)

400.   Counterclaimants repeat and reallege the allegations of paragraphs 257 through 399 above.

401.   Counterclaimants are entitled to relief under LRMA § 301, 29 U.S.C. § 185(a) against each and all of the Plaintiffs for their violations of 29 U.S.C. § 185(a) concerning the Amalgamated Bank.

## COUNT TWO
### (Counterclaimants' Claim Against Plaintiffs for §301(a) Violations Concerning the Pooled Investment Fund)

402.   Counterclaimants repeat and reallege the allegations of paragraphs 257 through 401 above.

403.   Counterclaimants are entitled to relief under LRMA § 301, 29 U.S.C. § 185(a) against each and all of the Plaintiffs for their violations of 29 U.S.C. § 185(a) concerning the Pooled Investment Fund.

**COUNT THREE**
**(Counterclaimants' Claim Against the Plaintiffs**
**for §301(a) Violations Concerning 275 Seventh Avenue)**

404.    Counterclaimants repeat and reallege the allegations of paragraphs 257

through 403 above.

405.    Counterclaimants are entitled to relief under LRMA § 301, 29 U.S.C. §

185(a) against each and all of the Plaintiffs for their violations of 29 U.S.C. § 185(a)

concerning 275 Seventh Avenue and the two corporations which own it.

**COUNT FOUR**
**(Counterclaimants' Claim Against Plaintiffs for**
**§301(a) Violations Concerning Their Use of UNITE HERE Assets For Secession)**

406.    Counterclaimants repeat and reallege the allegations of paragraphs 257

through 405 above.

407.    Counterclaimants are entitled to relief under LRMA § 301, 29 U.S.C. §

185(a) against each and all of the Plaintiffs for their violations of 29 U.S.C. § 185(a)

concerning their conversion, misappropriation, taking, expenditure, transfer, use,

destruction, encumbrance, or other disposition, waste, or diminution of UNITE HERE

assets and funds in connection with their attempted secession from UNITE HERE.

**COUNT FIVE**
**(Counterclaimants' Claim Against Plaintiffs for §301(a) Violations**
**Concerning the Other UNITE HERE Assets and Funds)**

408.    Counterclaimants repeat and reallege the allegations of paragraphs 257

through 407 above.

409.    Counterclaimants are entitled to relief under LRMA § 301, 29 U.S.C. §

185(a) against each and all of the Plaintiffs for their conversion, misappropriation, taking,

use, transfer, expenditure, dissipation, destruction, encumbrance, and other disposition,

waste, or diminution of other funds, property (real, personal, tangible, and intangible),

books and records (hard copy and electronic), and other assets of UNITE HERE and its present and former affiliates in violation of 29 U.S.C. § 185(a) (*see* ¶¶ 339-342).

**COUNT SIX**<br>**(Counterclaimants' Claim Against Plaintiffs for §301(a) Violations**<br>**Concerning the Contract with The Organizing Group)**

410.    Counterclaimants repeat and reallege the allegations of paragraphs 257 through 409 above.

411.    Counterclaimants are entitled to relief under LRMA § 301, 29 U.S.C. § 185(a) against each and all of the Plaintiffs for their violations of 29 U.S.C. § 185(a) concerning their conversion, misappropriation, and use of UNITE HERE funds in connection with the contract with The Organizing Group.

WHEREFORE, Counterclaimants pray that this Court enforce the UNITE HERE Constitution by giving the following relief:

A.  Declare that the Plaintiff Joint Boards and Locals may not secede, disaffiliate or take any other action to terminate their status as affiliates of UNITE HERE.

B.  Enjoin Plaintiffs, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any or all of the foregoing (including, without limitation, Workers United, SEIU, ), from taking any action to effect the secession, disaffiliation, or other termination the status of the Plaintiff Joint Boards and Locals as affiliates of UNITE HERE.

C.  In the alternative:

(1)    Declare that if any of the Plaintiff Joint Boards or Locals secedes, disaffiliates or otherwise terminates its status as an affiliate of UNITE HERE, its charter and all funds, books, records, and other property

held by or for it are and remain the property of UNITE HERE

International Union and shall be delivered to UNITE HERE International

Union.

       (2)     Enjoin all Plaintiffs; their officers, agents, servants,

employees, and attorneys; and other persons who are in active concert or

participation with any or all of the foregoing (including, without limitation,

Workers United, SEIU, the Bank, 275 and the 275 Entities, the NRF, the

NHF, ALICO, the staff fund and their respective officers, directors,

partners, general partners, managing general partners, members, trustees,

managers, administrators, employees, and agents), to immediately deliver

to UNITE HERE International Union the charter and all funds, books,

records and other property held by or for any affiliate that secedes,

disaffiliates or otherwise terminates its status as an affiliate of UNITE

HERE.

       (3)     Declare that any local union affiliated with a Plaintiff Joint

Board that secedes, disaffiliates or otherwise terminates its status as an

affiliate of UNITE HERE, is and shall continue to be an affiliate of

UNITE HERE and obligated to UNITE HERE in all ways prescribed in

the UNITE HERE Constitution unless and until all of the members of the

local union have voted in elections conducted by the National Labor

Relations Board to decertify the local union as their collective bargaining

representative.

        (4)      Enjoin all Plaintiffs; their officers, agents, servants, employees, and attorneys; and other persons who are in active concert or participation with any or all of the foregoing (including, without limitation, Workers United, SEIU, the Bank, 275 and the 275 Entities, the NRF, the NHF, ALICO, the staff fund and their respective officers, directors, partners, general partners, managing general partners, members, trustees, managers, administrators, employees, and agents), from interfering with the performance by any UNITE HERE local unions, including local unions affiliated with any of the Joint Board Plaintiffs, of their obligations to UNITE HERE International Union under the UNITE HERE Constitution, including but not limited to the making of *per capita* payments to the International Union.

D.  Enjoin each and all Plaintiffs, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any or all of the foregoing (including, without limitation, Workers United, SEIU, the Bank, 275 and the 275 Entities, the NRF, the NHF, ALICO, the staff fund and their respective officers, directors, partners, general partners, managing general partners, members, trustees, managers, administrators, employees, and agents), preliminarily and permanently, from expending, transferring, using, encumbering, wasting, dissipating, or otherwise disposing of or diminishing (i) any funds, property (real, personal, tangible, intangible), books and records (hard copy or electronic), and other assets of UNITE HERE or any of its present or former affiliates, and (ii) any right, title, or interest one or more

Counterclaim Defendants or those in active concert or participation with them may claim in such funds and other assets.

E.  Order an accounting by each and all Plaintiffs for any right, title, or interest had or claimed by (i) UNITE HERE, (ii) one or more of its present or former affiliates, (iii) one or more Counterclaim Defendants, their officers, agents, servants, employees, and attorneys, or other persons who are in active concert or participation with any or all of them (including, without limitation, Workers United, SEIU, the Bank, 275 and the 275 Entities, the NRF, the NHF, ALICO, the staff fund and their respective officers, directors, partners, general partners, managing general partners, members, trustees, managers, administrators, employees, and agents): (a) in the Bank, (b) in 275; (c) in any entity that owns or ever owned an interest in 275; (d) in any funds or assets of UNITE HERE or any of its present or former affiliates, converted or used by Counterclaim Defendants in connection with their secession from UNITE HERE or their contract with The Organizing Group; and (f) in any other funds, property (real, personal, tangible, intangible), books and records (hard copy or electronic), and other assets of UNITE HERE or any of its present or former affiliates (*see* ¶¶ 339-342).

F.  Declare that all right, title, and interest claimed by each and all Plaintiffs, their officers, agents, servants, employees, and attorneys, or other persons who are in active concert or participation with any or all of the foregoing (including, without limitation, Workers United, SEIU, the Bank, 275 and the 275 Entities, the NRF, the NHF, ALICO, the staff fund and their respective officers,

directors, partners, general partners, managing general partners, members, trustees, managers, administrators, employees, and agents) in any funds, property (real, personal, tangible, intangible), books and records (hard copy or electronic), and other assets of UNITE HERE or any of its present or former affiliates taken, converted, misappropriated, transferred, or otherwise disposed of in violation of the UNITE HERE Constitution is held in constructive trust for the benefit of UNITE HERE.

G.  Declare that any and all expenditures, transfers, encumbrances, and other dispositions by or on behalf of each and all Plaintiffs, their officers, agents, servants, employees, and attorneys, or other persons who are in active concert or participation with any or all of the foregoing (including, without limitation, Workers United, SEIU, the Bank, 275 and the 275 Entities, the NRF, the NHF, ALICO, the staff fund and their respective officers, directors, partners, general partners, managing general partners, members, trustees, managers, administrators, employees, and agents) of any funds, property (real, personal, tangible, intangible), books and records (hard copy or electronic), or other assets of UNITE HERE or any of its present or former affiliates, in violation of the UNITE HERE Constitution are and were null and void *ab initio*.

H.  Award to UNITE HERE and against each and all Plaintiffs restitution for the value of all funds, property (real, personal, tangible, intangible), books and records (hard copy or electronic), and other assets of UNITE HERE or any of its present or former affiliates, taken, used, converted, misappropriated, dissipated, transferred, destroyed, encumbered, or otherwise disposed of, wasted, or

diminished by them, at their direction of, or with their active participation, in contravention of the UNITE HERE Constitution, whether before or after the putative "disaffiliation" of the present or former UNITE HERE affiliates of which they were officers or representatives.

I.   Award to UNITE HERE International Union and against each and all Plaintiffs compensatory damages for all losses it has suffered as a result of these Counterclaim Defendants' violations of the UNITE HERE Constitution.

J.   Award UNITE HERE punitive damages.

K.   Award Counserclaimants all reasonable attorneys' fees, expenses and costs of action incurred in defending against Plaintiffs' claims and in bringing and prosecuting their counterclaims.

L.   Award UNITE HERE such other and further relief as the Court may deem just.

Dated:  Roseland, New Jersey
        June 25, 2009

PITTA & GIBLIN, LLP                          STERN & KILCULLEN, LLC

120 Broadway, 28th Floor                          s/Joel M. Silverstein
New York, NY 10271                           Herbert J. Stern, (HS 3169)
(212) 652-3890                               Joel M. Silverstein (JS 5704)
Vincent F. Pitta (VP 1435)                   Aidan P. O'Connor (AO 1018)
Barry N. Saltzman (BS 6533)                  75 Livingston Avenue
Michael J. D'Angelo (MD 3030)                Roseland, New Jersey 07068
                                             (973) 535-1900

*Attorney for the Defendants-Counterclaimants*