# Exhibit F

## CLIENT SERVICES AGREEMENT

This Agreement between The Organizing Group, Inc. ("TOG"), whose address is 888 16th Street NW, Suite 330, Washington, DC 20006, and UNITE-HERE ("Client"), whose address is 275 7th Avenue, 10th Floor New York, NY 10001, is effective as of January 15, 2009 ("Effective Date").

A. <u>DESCRIPTION OF SERVICES</u>.

   1. Strategic Consulting: Steve Rosenthal shall provide strategic and expert advice to Client on an ongoing basis. Shaun Kelleher will provide day-to-day support for plan development and execution.

   2. Member File Building and Analysis: TOG shall provide Client with assistance building Client's member file, in including but not limited to list matching services, flagging household members, updating addresses for moves, standardizing addresses and scoring deliverability, performing occupancy-based address hygiene, checking for duplicate records, appending telephone numbers, and appending commercial data. The services provided by TOG in this subsection shall be managed by Shaun Kelleher and provided in part through a subcontract agreement with Catalist, LLC, a data management company.

   3. Member Survey: TOG shall provide Client with comprehensive research and analysis of a member survey and member focus groups in order to determine the successful member messaging. The services provided by TOG in this subsection shall be managed by Amanda Cooper and provided in part by Garin Hart Research.

   4. Field Communications Program: TOG shall create and implement a field communications plan for Client program where phone calls, mail, worksite activity and website work together.

B. <u>TERM OF AGREEMENT</u>.

   The term of this Agreement shall be from the Effective Date and shall end on July 31, 2009, unless terminated earlier in accordance with Paragraph F below.

C. <u>COMPENSATION</u>.

   Client shall pay TOG according to the payment structure in Attachment A. Payment shall be due within fifteen (15) days of receipt of a monthly invoice.

D. <u>CONFIDENTIALITY</u>.

   1. TOG and Client agree that, absent the express prior written approval of the other party, neither party shall, directly or indirectly, at any time during the term of this Agreement or thereafter, and without regard to when or for what reason this Agreement shall terminate,

divulge, furnish, make accessible or permit the disclosure to anyone of any knowledge or information of or relating to the business or activities of the other party, whether disclosed orally or visually and whether stored on any tangible medium or memorialized ("confidential information"). Each party shall use the same degree of care to safeguard the confidentiality of the other party's confidential information as it uses to protect its own information, which shall be no less than reasonable care.

2. Neither TOG nor Client shall be liable for disclosure of confidential information if such disclosure is pursuant to judicial action or other lawfully compelled disclosure, provided that the other party is notified within twenty-four (24) hours after such need becomes known and gives the other party a reasonable opportunity to seek a protective order or otherwise contest such disclosure.

3. The obligations set forth in this Section shall survive indefinitely the termination of this Agreement.

E. COMPLETE AGREEMENT; MODIFICATIONS.

This Agreement and any documents referred to herein or executed contemporaneously herewith constitute the parties' entire agreement with respect to the subject matter hereof and supersede and replace all prior and/or existing agreements, representations, statements, promises and understandings, whether oral or written, with respect to the subject matter hereof. This Agreement may not be amended, altered or modified except by a writing signed by the parties. Such writing may be signed in counterparts and faxed signatures shall be effective as original signatures.

F. TERMINATION.

Either party shall have the right to terminate this Agreement for any reason, without cause, upon thirty (30) days' written notice to the other party. Upon termination by either party, TOG shall be entitled to payments for services rendered through the termination date and all applicable expenses.

G. INDEMNIFICATION.

1. Client shall indemnify TOG against reasonable expenses (including reasonable attorney's fees and costs) actually and necessarily incurred by TOG in connection with the defense of any action, suit, proceeding, or other investigation that results from (i) Client having been adjudged or found to have been negligent or committed misconduct in the performance of a duty, (ii) Client having been adjudged or found to have acted outside the scope of its authority under this Agreement, or (iii) Client is adjudged or found to be criminally liable.

2. TOG shall indemnify the Client against reasonable expenses (including reasonable attorney's fees and costs) actually and necessarily incurred by the Client in connection with the defense of any action, suit, proceeding, or other investigation that results from (i)

TOG having been adjudged or found to have been negligent or committed misconduct in the performance of a duty, (ii) TOG having been adjudged or found to have acted outside the scope of its authority under this Agreement, or (iii) TOG is adjudged or found to be criminally liable.

H. NOTICES.

Unless otherwise specifically provided in this Agreement, all notices or other communications required or permitted under this Agreement shall be in writing, and shall be personally delivered, sent by registered or certified mail, sent by facsimile or sent by electronic mail. Notices shall be given at the following addresses:

> To TOG:  The Organizing Group, Inc.
> Attn: Melissa Roy
> 888 16th Street, NW
> Suite 330
> Washington, DC 20006
>
> To Client: UNITE-HERE
> Attn: Amanda Cooper
> 275 7th Avenue, 10th Floor
> New York, NY 10001

All such notices will be deemed to have been given three (3) calendar days after mailing if sent by registered or certified mail, one (1) calendar day after mailing if sent by overnight courier service, or on the date delivered if delivered personally or sent by facsimile or electronic mail.

I. OTHER PROVISIONS.

1. Governing Law. This Agreement shall be construed in accordance with, and governed by, the laws of the District of Columbia.

2. Resolution of Disputes. In the event a dispute arises concerning the meaning of a term or condition of this Agreement or concerning either party's performance of its obligations under this Agreement, the parties shall use their best efforts to resolve the dispute amicably, including by meeting or teleconferencing at the earliest possible time. If such efforts fail to resolve the dispute, the parties shall arbitrate the dispute by utilizing the services, rules and procedures of the American Arbitration Association (AAA) governing commercial disputes. In any such proceeding each party shall bear its own costs and shall divide equally the costs of AAA and the arbitrator for their services. The arbitrator shall have authority only to interpret and apply this Agreement and shall not have authority to vary its terms and conditions. The arbitrator's award shall be final and binding on the parties, except that either party may seek judicial relief for any alleged failure by the arbitrator to adhere to the preceding sentence, and either party may also seek judicial relief to enforce an award, if necessary.

3

3. <u>Severability</u>. If any provision of this Agreement is determined by any court of competent jurisdiction or arbitrator to be invalid, illegal, or unenforceable to any extent, that provision will, if possible, be construed as though more narrowly drawn, if a narrower construction would avoid such invalidity, illegality, or unenforceability or, if that is not possible, such provision will, to the extent of such invalidity, illegality, or unenforceability, be severed, and the remaining provisions of this Agreement shall remain in effect.

4. <u>Waivers</u>. No waivers of any right under this Agreement will be deemed effective unless contained in a writing signed by the Party charged with such waiver, and no waiver of any right arising from any breach or failure to perform will be deemed to be a waiver of any future right or of any other right arising under this Agreement.

5. <u>Jointly Prepared</u>. This Agreement will not be construed against the Party preparing it, but will be construed as if all the Parties jointly prepared the Agreement, and any uncertainty or ambiguity will not be interpreted against any one Party.

6. <u>Miscellaneous</u>. This Agreement shall be binding on and enforceable by the respective successors and assigns of the parties, except that neither of the parties may assign any of their rights or obligations under this Agreement without the express prior written consent of the other party. This Agreement may be executed in counterparts, each of which when so executed and delivered shall be an original. The headings of the Sections have been inserted for convenience of reference only and do not constitute a part of this Agreement.

[Signature Page Follows]

## Attachment A – Payment Structure

1. For the Strategic Consulting Services described in Section A(1), Client shall pay TOG $10,000 per month. TOG shall invoice Client monthly and be entitled to reimbursement for reasonable expenses incurred on behalf of Client, including travel.

2. For the Member File Services described in Section A(2), TOG estimates that the total project cost for Client will be $10,000. TOG shall invoice Client for the actual amount of the project, and shall review the costs with Client on an ongoing basis.

3. For the Member Survey Services described in Section A(3), TOG shall work with Client to establish specific a program budget.

4. For the Field Communications Program described in Section A(4), TOG shall work with Client to establish a specific program budget. TOG has included estimated mail pricing as Attachment B and estimated telephone call pricing as Attachment C.

*OK /s/*

## Attachment B – Estimate of Mailing Fees

| Description | Estimated Quantity | Estimated Production | Estimated Production Unit Cost | Estimated Postage* | Estimated Shipping | Total Estimated Cost | Estimated Unit Cost |
|---|---|---|---|---|---|---|---|
| 8.5 x 11 Postcard Mailer | 350,000 | $56,000 | $0.16 | $70,000 | $3,000 | $129,000 | $0.37 |
| 11 x 17 Brochure Mailer | 350,000 | $63,000 | $0.18 | $70,000 | $3,000 | $136,000 | $0.39 |
| 8.5 x 22 Brochure Mailer, 2-Fold w/ Reply | 350,000 | $129,500 | $0.37 | $70,000 | $3,000 | $202,500 | $0.58 |

**NOTES:**

1) Non-profit postage is estimated at $0.20/unit. This may change based on the method of mailing and the density of the list.

2) Shipping is estimated at $3,000 per mailing. This can vary greatly based on shipping method and final mail quantities.

3) Pricing above does not include costs for an alternate bi-lingual version. Once TOG has an estimated universe size for the bi-lingual version, TOG may provide pricing.

4) Pricing above does not include costs for a BRM application or BRM postage.

02/13/2009  11:55  2029748361  THE ORGANIZING GROUP  PAGE 08/16

## Attachment C – Estimate of Telephone Fees

| Type | Details | Rate | Specific Voter |
|---|---|---|---|
| ID Calls | 1Q | $0.62/call | $0.72.5/call |
| | 2Q | $0.72/call | $0.82.5/call |
| Live Persuasion/GOTV | 30 Second Script | $0.57.5/call | $0.67.5/call |
| | 45 Second Script | $0.64.5/call | $0.72.5/call |
| Live Email Collection | | $29.00/hour (starting) | |
| Jet Dial | Volunteer Predictive Dialing | $0.26/minute | |

**NOTES:**

1) These rates are approximate for budgeting purposes. Actual costs will vary with length of script and volume of calls.

2) Prices are generally based upon completed calls, defined as a telephone call that is answered by either a human being or an answering machine, regardless of how long, if at all, the call continues to be connected.

3) Lengthy and more complex live calls will be charged on an hourly basis. These rates begin at $29 per hour (total time used).

4) Standard pricing for calls will be according to the prices quoted above. Prices may be adjusted to provide additional savings based on size of file and length of script. Adjustments will be made on a case-by-case basis at the discretion of TOG.

IN WITNESS WHEREOF, the parties have hereto executed this Agreement set forth above on the date signed below.

By The Organizing Group:

_____
Signature

_____
Name

_____
Title

_____
Date

By Client:

_Bruce Raynor_ (signature)
Signature

BRUCE RAYNOR
Name

General President
Title

02/13/2009
Date

5

02/13/2009   11:33   2024748361   THE ORGANIZING GROUP   PAGE 06/16