UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————

JOHN GILLIS, et al.,                                    Hon. George B. Daniels

               Plaintiffs,

         v.                                       09-CV-O1116 (GBD)

JOHN W. WILHELM, et al.,

                Defendants,

UNITE HERE,

          Nominal Defendant.

———————————————————

      This matter having come before the Court on the application of the New York New Jersey Regional Joint Board ("NYNJRJB") for the Court's approval of (1) a proposed sale of the premises known as 31 W. 15th Street, New York, NY (the "Property") by the Clothing Workers Center, Inc. ("CWC"), an entity wholly owned by the NYNJRJB, on the terms stated in the March 24, 2010 contract of sale (the "Contract of Sale") between CWC as the "Seller" and Angelo Gordon Real Estate Inc. ("Purchaser"), a copy of which is attached as Exhibit C to the 3/25/2010 letter from Thomas M. Kennedy to the Court (the "Sale"); and (2) use of the proceeds of the Sale: (a) to repay the principal, interest, and other amounts due under a $10 million mortgage the Property which is held by the Amalgamated Bank (the "Mortgage"); (b) to pay "the usual and customary costs of the sale"; and (c) by the NYNJRJB "to fund its ongoing, normal course business operations"; and

      Defendants, without waiving any rights, remedies, or recourse against the NYNJRJB or the other plaintiffs or counterclaim-defendants in this action, having: (1) consented to the Sale and to use of its proceeds to repay the Mortgage; (2) objected to distribution of any proceeds of

the Sale to CWC or the NYNJRJB; and (3) requested that all proceeds of the Sale, other than those used to repay the Mortgage, be paid directly into the registry of the Court to assure that it is available for distribution upon ultimate resolution of the parties' claims; and

The Court having considered the following submissions of the parties and of the Amalgamated Bank: 3/25/2010 Letter from Thomas M. Kennedy to Hon. George B. Daniels and exhibits; 3/29/2010 Letter from Joel M. Silverstein to Hon. George B. Daniels; 4/6/2010 Letter from Jeffrey J. Wild (outside counsel for the Amalgamated Bank) to Hon. George B. Daniels and enclosure; 4/9/2010 letter from Aidan P. O'Connor to Hon. George B. Daniels; 4/12/2010 letter from Thomas Kennedy to Hon. George B. Daniels and exhibits; and 4/13/2010 letter from Joel M. Silverstein to Hon. George B. Daniels; and

There being good cause for entry of the following order, it is hereby ORDERED that:

1. CWC is hereby authorized to sell the Premises pursuant to the terms of the Contract of Sale to the Purchaser, or to a Controlled Affiliate of the Purchaser to whom/which the Purchaser may assign the Contract of Sale pursuant to Section 17.1 thereof, and, , Julie Kelly and Fred Kaplan, CWC's officers, , are hereby authorized to execute such documents as are necessary and appropriate to effectuate the Sale in accordance with the terms of this Order.

2. CWC and its officers, including Julie Kelly and Fred Kaplan, are directed upon the closing of the Sale to apply so much of the "Purchase Price" referenced in Section 2 of the Contract of Sale (the "Purchase Price") as may be necessary to (1) satisfy and extinguish the Mortgage, including payment of the outstanding principal, accrued interest, late charges, and professional fees and costs to which the Amalgamated Bank may be entitled the under the terms of the Mortgage documents and (2) pay the following, and only the following, usual and customary expenses associated with the Sale, up to a maximum aggregate total for all such

2

expenses of $896,406.25, consisting of: NY City Real Property Transfer Tax (estimated to be $436,406.25), NY State Real Property Transfer Tax (estimated to be $66,500), Legal fees (estimated to be $125,000.00), brokerage fees and recording charges (estimated to be $168,500.00), and up to $100,000.00 for tax and closing adjustments actually and reasonably incurred by CWC.

3.    Within three business days from the date of this order, Thomas M. Kennedy, Esq. (the "Escrow Agent") shall establish a new, separate, interest-bearing, FDIC insured (in whole or in part) attorney escrow account at a Bank located in New York City and rated at least "A" by Moody's, "A" by Standard & Poor's, or "4 stars" (*i.e.*, "sound") by Bankrate.com.

4.    In order to assure that all proceeds of the Sale in excess of those to be applied pursuant to paragraph 2 (the "Remaining Proceeds") are fully available for distribution upon ultimate resolution of the parties' claims in this action, and that the Remaining Proceeds accrue interest in the interim, CWC and its officers, including Julie Kelly and Fred Kaplan, are directed upon the closing of the Sale to immediately cause the Remaining Proceeds to be transferred into the Escrow Account.  The Remaining Proceeds and the interest thereon shall be the only funds in the Escrow account, shall not be commingled with any other funds, shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to further order(s) of the Court. The Escrow Agent shall not disburse any funds from the Escrow Account except pursuant to an order of the Court.

5.    CWC and the Purchaser not be shall be entitled to make any changes or amendments to the Contract of Sale or waive any conditions of sale without (1) the prior written consent of UNITE HERE, which shall not be unreasonably withheld, or (2) an order of this Court permitting the particular changes or amendments.   In order to be available to address any

3

proposed changes or amendments to the Contract of Sale or waivers of any conditions of sale that may arise at the Closing, counsel for UNITE HERE shall attend the Closing. In no event shall any changes or amendments to the Contract of Sale be permitted that would reduce the amount of the Remaining Proceeds (1) from what it would be without such changes or amendments or (2) to an amount of anything less than $6,198,562.75.

6.  All documentation related to the closing of the Sale, including, without limitation, the closing statement (itemizing each payment made in connection with that closing) and proof that each tax, expense, charge, cost, and fee referenced in paragraph 2, *supra*, was actually incurred and paid, shall be made available to defendants and their counsel

DATED:     New York, New York
           May 7, 2010

                                                        1 0 MAY 2010

                              _____
                                    Hon. George B. Daniels, U.S.D.J.
                        HON. GEORGE B. DANIELS


Approved as to Form


_____
Joel M. Silverstein
Attorney for UNITE HERE




_____
Thomas M. Kennedy
Attorney For New York New Jersey Regional Joint Board and
Clothing Workers Center, Inc.

proposed changes or amendments to the Contract of Sale or waivers of any conditions of sale that may arise at the Closing, counsel for UNITE HERE shall attend the Closing. In no event shall any changes or amendments to the Contract of Sale be permitted that would reduce the amount of the Remaining Proceeds (1) from what it would be without such changes or amendments or (2) to an amount of anything less than $6,198,562.75.

6. All documentation related to the closing of the Sale, including, without limitation, the closing statement (itemizing each payment made in connection with that closing) and proof that each tax, expense, charge, cost, and fee referenced in paragraph 2, *supra*, was actually incurred and paid, shall be made available to defendants and their counsel

DATED:      New York, New York
            May 7, 2010

                                                    1 0 MAY 2010

                                        _George B. Daniel_____
                                        Hon. George B. Daniels, U.S.D.J.
                                              HON. GEORGE B. DANIELS

Approved as to Form

_____
Joel M. Silverstein
Attorney for UNITE HERE

_____
Thomas M. Kennedy
Attorney For New York New Jersey Regional Joint Board and
Clothing Workers Center, Inc.

4