USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 5/21/2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOHN GILLIS, as General Manager of the New York : 
New Jersey Regional Joint Board, et. al, 
                                                                            :
                                    Plaintiffs,            :         09 Civ. 1116 (GBD) (DF)
                                                                            :
            -against-                                          :         **ORDER**
                                                                            :
JOHN W. WILHELM, et al.,                              :
                                                                            :
                                    Defendants.        :
------------------------------------------------------------------X
BRUCE S. RAYNOR,                                       :
                                                                            :
                                    Plaintiff,              :         09 Civ. 1374 (GBD) (DF)
                                                                            :
            -against-                                          :
                                                                            :
JOHN W. WILHELM, et al.,                              :
                                                                            :
                                    Defendants.        :
------------------------------------------------------------------X
EDGAR ROMNEY,                                           :
                                                                            :
                                    Plaintiff,              :         09 Civ. 1690 (GBD) (DF)
                                                                            :
            -against-                                          :
                                                                            :
JOHN W. WILHELM, et al.,                              :
                                                                            :
                                    Defendants.        :
------------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

The parties having placed before the Court disputes regarding (1) the duration of certain depositions requested by defendants and counterclaim plaintiffs ("Defendants"), and (2) the propriety of certain claims of attorney-client privilege asserted by plaintiffs and counterclaim

defendants ("Plaintiffs") in the above-captioned action, and the Court having reviewed the parties' submissions on these issues, it is hereby ORDERED that:

1. Defendants may exceed seven hours in conducting the depositions of (a) Bruce Raynor, (b) Mark Fleischman, (c) Brent Garren, and (d) Keith Mestrich, but, absent Plaintiffs' consent, none of these depositions shall exceed 14 hours without further leave of Court. *See* Fed. R. Civ. P. 30(d)(1). Any application to the Court for time beyond 14 hours shall include a copy of the deposition transcript and a detailed explanation as to why the allotted time was inadequate to allow for reasonable questioning on particular topics of relevance to the parties' claims or defenses. Counsel should be aware that leave for further time is not likely to be granted, and they should plan accordingly for the 14 hours currently allowed.

2. At this juncture, the Court is hard-pressed to understand how any individual or entity other than UNITE HERE could assert attorney-client privilege as to confidential communications between officers of UNITE HERE and its general counsel, regarding matters involving the union or any of its constituent parts. Nonetheless, Plaintiffs' counsel may instruct a witness not to answer a deposition question that the witness and counsel believe, in good faith, would call for the disclosure of privileged information. If Defendants dispute the propriety of the instruction, the particular question at issue may then be placed before the Court for a ruling. If Defendants seek any rulings as to any witness(es)'s refusal to answer questions posed at past depositions, the relevant transcript pages should be placed before the Court, and counsel's arguments should be directed to the specific question, as posed. Any such applications shall be

limited to five pages (exclusive of the transcript pages at issue); the same limitation applies to opposition and reply papers. No sur-reply will be accepted.

Dated: New York, New York
May 21, 2010

SO ORDERED

*[signature]*

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)